Frye *v.* County of Calhoun et al.

The Administrators and Heirs of WILLIAM FRYE, Plaintiffs in Error, *v.* THE COUNTY of CALHOUN and others, Defendants in Error.

ERROR TO JERSEY.

Where an attorney commences a suit in the name of another, without authority, it is the duty of the court to dismiss the same, on motion of the defendant.

THIS cause was heard and decided by the Circuit Court, at the August term, 1852. The facts of the case sufficiently appear in the opinion of this court.

H. W. BILLINGS and E. KEATING, for plaintiffs in error.

D. A. SMITH, for defendants in error.

TREAT, C. J. This was a suit in chancery, instituted in the names of the county of Calhoun, Thomas Church, Henry T. Mudd, administrator of John Chancy, Vawlier, Hicks & Co., Cowles & Krum, and Hood & Abbott, as judgment creditors of John Shaw, against William Frye and John Shaw. The object of the suit was to set aside, as fraudulent, a mortgage of real estate, made by Shaw to Frye. At the return term, the suit was dismissed as to the complainants Church, and Hood & Abbott. Frye then entered a motion to dismiss the suit, and filed an affidavit in support thereof, in which he stated, that the suit was commenced without the knowledge or authority of the complainants. In answer to this motion, the complainants' solicitor made an affidavit, in which he stated, "that he instituted the suit without the knowledge of or conference with the complainants, believing then, as he does now, that the facts charged in the bill are true and can be proven, and believing that said Frye might and probably would alienate the property mortgaged by Shaw to him to an innocent purchaser or purchasers, and thus cut off the redress of the complainants sought in this case; that before the institution of this suit, so far as regards the rights and interests of Calhoun county, affiant conferred with West M. Miller, clerk of the county court of said county, and Benjamin F. Child, clerk of the circuit court of said county, both of whom said, they had no doubt that said suit would be sustained and prosecuted by said county; that at the earliest practicable day, the affiant advised complainants respectively of what he had done in the premises, and they all

approved of what he had done, and wished him to prosecute this suit with the utmost vigor, except the complainants Hood & Abbott, whose judgment was satisfied as alleged in the order of the circuit court of said county of Calhoun, May term, 1850, and the complainant Thomas Church, whose judgment was satisfied and paid during said term of said court by John Lockwood, security of John Reed, late sheriff of said county, who had officially subjected himself to the payment of the same in some collateral proceeding." The court overruled the motion to dismiss. Frye answered the bill; and the cause proceeded to a hearing on the pleadings and proofs, and resulted in a decree in favor of the complainants. The administrators and heirs of Frye prosecute a writ of error.

The merits of the controversy should not have been inquired into in this proceeding. There was an insuperable objection to such a course at the very threshold of the case. When the bill was filed and the process issued, the solicitor had no authority, express or implied, to act for any of the judgment creditors. The institution of the suit was an unwarrantable assumption of power on his part. The defendant presented the objection at the earliest opportunity, and called upon the court to dismiss the suit. And the court, instead of proceeding to a hearing of the case, should have promptly sustained the motion. An attorney is not permitted to commence a suit in the name of another, without first receiving authority for the purpose. His position gives him the right to appear for a suitor when employed, but none to interfere in a case in which he is not retained. By the English practice, an attorney is not allowed to prosecute or defend a suit, unless he has a written warrant of attorney from the party. The warrant constitutes his authority to act for the suitor, and it is filed in the court in which the action is pending. In this country, a warrant of attorney is not generally required, but an attorney may be appointed by parol. It is, however, as necessary here as in England, that he be authorized by the party to appear for him. The only difference in the practice relates to the mode of his appointment. He must be actually employed for the purpose, before he can represent the party in court The relation of client and attorney must subsist between them. That relation cannot be created by the attorney alone. The suitor has a right to select his own attorney. If an attorney brings a suit in the name of another, the legal presumption is, that he has been retained for the purpose. It is only when his right to represent the plaintiff is questioned, and the presumption that he has been engaged by him is repelled, that he can be called upon

to make proof of his authority. But in such a case, if he fails to show any authority to institute the suit, the same should be summarily dismissed by the court. The process of the courts is not to be issued except at the instance of a suitor. It must be demanded by him in person, or by his authorized attorney. A defendant is not bound to answer to the merits of a suit, commenced without authority from the plaintiff. Otherwise, he might be twice compelled to litigate the same cause of action. A judgment in his favor in a suit prosecuted without authority, would be no bar to a second action brought by the direction of the plaintiff.

The fact that some of the judgment creditors subsequently approved of this unauthorized act of the solicitor, does not change the legal character of the case. The true question is, Whether he had authority at the time to commence the suit for them, and not whether they afterwards approved of what he had done. The power of the court was illegally called into exercise by him, and the law will not suffer them to profit thereby against the objections of the defendants. The latter were improperly brought before the court, and they had a clear right to be discharged. Attorneys are not to be tolerated in thus abusing the process of the courts. It is deemed unprofessional in them to stir up litigation; much more should it be to set it in motion without authority.

It is but justice to the solicitor to remark, that he did not commence the suit with any design of defrauding the judgment creditors, or of harassing the defendants. On the contrary, his object was to protect the interests of the creditors, by enforcing for their benefit what he believed to be a meritorious cause of complaint against the defendants. But for all the purposes of this case, the motive with which the act was done is wholly immaterial. The act itself was unauthorized and illegal, and must be so pronounced at the instance of the defendants.

The decree must be reversed, and the bill dismissed, but without prejudice.

*Decree reversed.*