## Louis Legere *v.* Francois Richard.

The mother of a minor, who is represented by another as his qualified tutor, is incompetent to maintain an action on behalf of the minor, for personal injuries done him.

Proceedings for the protection of the person or property of the minor, of a conservatory character, may sometimes be taken by persons not legally representing the minor; but such cases are rare, and are eminently within the discretion of the District Judge.

The right of a party to a suit, to repudiate under oath, the authority of those who represent him in Court, cannot be questioned.

APPEAL from the District Court of St. Landry, *Dupre,* J.

B. F. *Linton,* for plaintiff and appellant. F. & E. W. *Cullom,* for defendant.

LEA, J. The only question to be determined in this case is, whether a mother, who is not the the tutrix of her minor child, can maintain an action against a third party, in the name of her child, against the wishes and without the consent of one who is his tutor. The suit was originally instituted in the joint names of the tutor and the mother, but the tutor having denied under oath, that he authorized the institution of the suit, it was dismissed so far as he was concerned; and an exception taken to the right of the mother to stand in judgment, while the minor was represented by a tutor, was maintained and the suit dismissed.

It is contended that the action being for damages, for an alleged outrage upon the person of her child, (who, it is alleged, had been severely flogged with a cowhide by the defendant,) the Court should allow the mother to maintain the suit for the purpose of protecting the child. Under the extensive discretionary powers of a Court having probate jurisdiction, proceedings, having for their object, the protection either of the person or the property of minors, may occasionally be maintained for conservatory purposes, even when undertaken by those who do not legally represent the minor, (see 2d Annual, 333, *Daigre* v. *Daigre,*) but such cases are eminently within the discretion of the Judge. In the case at bar the proceeding is not of a conservatory character; the claim is for damages as before stated.

We think that one, not legally representing the minor, is incompetent to maintain such a suit, and that the exception was properly maintained.

The bills of exceptions are substantially disposed of in the foregoing remarks. The right of any person, who has been placed as a litigant, whether as plaintiff or defendant, upon the records of a Court, to repudiate under oath, the authority of those who apparently represent him, cannot be questioned. As the decree of the District Court is, however, open to some misconstruction with reference to the final disposition of the minor's rights, we think the form of the decree should be amended.

It is, therefore, ordered that the judgment of the District Court be amended as follows: The Court considering the exception filed herein to the right of the plaintiff, *Louise Legere,* to represent the minor, *Alexander Richard, Jr.*, to be well founded in law, it is ordered that the exception be maintained, and the suit dismissed. It is further ordered that the appellant pay the costs of this appeal.