HENRY B. KEPLEY, PLAINTIFF IN ERROR, V. SAMUEL IRWIN, DEFENDANT IN ERROR.

1.  Code of Civil Procedure: RULE OF CONSTRUCTION. The code of civil service procedure, in all its provisions, must be liberally construed. Code, sec. 1. Especially should the construction be liberal as to the provisions respecting the appearance of parties, and the making up of issues, to the end that a full and fair hearing of cases on their merits may be had.

2.  Attorney at Law: UNAUTHORIZED APPEARANCE BY. Although an authority will be presumed when an attorney appears for a defendant not served with process, yet, if the defendant prove that he had no authority, his rights cannot be affected by the attorney's acts.

3.  Opening Judgment: FINDINGS OF FACT: COSTS. The findings of fact of the district court on the hearing of an application to open a judgment under sec. 82 of the civil code will not be disturbed unless clearly wrong. Whether in such case the defendant shall be required to pay costs as a prerequisite to opening the judgment is left to the wise discretion of the district court.

ERROR to the district court for Otoe county. The action was one of ejectment, brought by Henry B. Kepley against Nelson Tredo and Samuel Irwin. Tredo was in possession as tenant of the land, having rented the same of John Irwin, acting as the agent of Samuel Irwin. Service was had on Tredo personally, and on Samuel Irwin, by publication. S. J. Stevenson appeared as attorney for the latter, and filed an answer, verified by John Irwin, agent for Samuel Irwin. Afterwards, when the cause was called for trial, Stevenson obtained leave to withdraw his appearance and answer, and judgment was rendered April 18, 1878, for Kepley. September 19, 1879, affidavit and showing of Samuel Irwin to set aside judgment filed, and October 13, 1881, the original judgment set aside by POUND, J., and Irwin permitted to answer on payment of costs to that date. From the order setting aside said judgment Kepley brought the case here for review.

Kepley v. Irwin.

*M. L. Hayward* and *Henry B. Kepley*, for plaintiff in error, on question of appearance, cited: *Filkin v. Byrne*, 72 Ill., 101. *Dart v. Hercules*, 34 Id., 395. *Am. Ins. Co. v. Oakley*, 9 Paige, 498. *Abbott v. Dutton*, 44 Vt., 546. *Shrowdenbeck v. Ins. Co.*, 15 Wis., 700. *Martin v. Judd*, 60 Ill., 78.

*E. F. Warren* (*Watson & Wodehouse* with him), for defendant in error, cited: Weeks on Attorneys, sec. 198. *Denton v. Noyes*, 6 Johns., 298. *Critchfield v. Porter*, 3 Ohio, 518. *Frye v. Calhoun*, 14 Ill., 132. *Bryant v. Williams*, 21 Iowa, 329. *Shelton v. Tiffin*, 6 How., 163. Freeman on Judgments, § 499.

LAKE, CH. J.

The questions presented in this case arose under sec. 82 of the code of civil procedure. It is claimed that the court below erred in opening the judgment and letting the defendant in with his defense. The service on the defendant was by publication, or what by the code is termed constructive. On this point there is no dispute. The really vital question is simply whether the nominal appearance made by S. J. Stevenson as attorney of the defendant, and filing an answer in his name, was authorized. On the showing made the court below held that it was not, and we are now called upon to review that decision.

The section of the code referred to, like every other part of it, should receive a liberal construction, to the end that substantial justice may be done to litigants. And especially so should be the construction as to those provisions respecting the appearance of parties, and the making up of issues, to the end that a full and fair hearing of cases upon their merits may be had. This court, in reviewing the doings of inferior courts, has always been disposed to, and does now, regard liberal rulings in these particulars favor-

ably.   In doing so we believe we represent the spirit of the code, which in its very first section declares that: "Its provisions and all proceedings under it shall be liberally construed, with a view to promote its object and assist parties in obtaining justice."

Sec. 82 provides that: "A party against whom a judgment or order has been rendered without other service than by publication in a newspaper, may, at any time within five years after the date of the judgment or order, have the same opened and be let in to defend; before the judgment or order shall be opened the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs if the court require them to be paid, and make it appear to the satisfaction of the court, by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense; but the title to any property, the subject of the judgment or order sought to be opened, which by it or in consequence of it, shall have passed to a purchaser in good faith, shall not be affected by any proceedings under this section, nor shall they affect the title to any property sold before judgment under an attachment.   The adverse party, on the hearing of an application to open a judgment or order, as provided in this section, shall be allowed to present counter affidavits, to show that during the pendency of the action the applicant had notice thereof in time to appear in court and make his defense."

It is practically conceded by the plaintiff that every requirement of this section to authorize the opening of the judgment existed, except that of the defendant's want of actual notice of the pendency of the action.   On this point the defendant filed several affidavits, among them his own, by which it seems to us he made a showing bringing himself fairly within the section of the statute above quoted. In his own affidavit he says, expressly, that he was a resi-

dent of the state of Ohio during all of the time of the
pendency of the action, and did not know of it "till about
the 30th day of March, 1879." Of the appearance and
answer made in his name by S. J. Stevenson, he says that
he "had never employed an attorney to defend said suit,
nor had affiant authorized any person or agent to employ
attorneys for him, or to appear in any litigation in Otoe
county, Nebraska." And as to this appearance, which
seems to have been withdrawn by leave of the court, S. J.
Stevenson, the attorney, says in his affidavit that what he
did in the case was done "at the request of John Irwin."
John Irwin swears that he "spoke to S. J. Stevenson, at-
torney, about the matter without knowing what should be
done, and without having any authority to employ an at-
torney for Samuel Irwin, or either of said defendants," etc.

Opposed to this, on the question of the right of Steven-
son to appear in the case, there was produced a power of
attorney from Samuel Irwin to John Irwin, by which the
latter was, in terms, authorized to "bargain, sell, and con-
vey in fee simple, by deed of general warranty, for such
price, upon such terms of credit, and to such person or
persons as he shall think fit, the whole or any part of any
and all real estate of every kind and description belonging
to me, and lying and being in the county of Otoe in the
state of Nebraska." Also empowering him "to lease and
to farm, let by leases, duly executed for such term or num-
ber of years, to such person or persons, at such yearly or
other rents, in money or kind as he may think fit, the
whole or any part of" such lands.

It would seem that the mere reading of this power of
attorney ought to be sufficient to satisfy any one that it
gave no authority to John Irwin to appear, or to employ
an attorney to appear, in the case at bar. The learned
judge of the district court held that it did not, and in this
we think he was clearly right. And this is decisive of
the case. But an extensive brief has been filed on behalf

of the plaintiff, discussing at length many questions, which, although not of importance to this issue, ought not, perhaps, to be wholly overlooked by us at this time.

One of the points urged upon our attention is that "the withdrawal of an answer does not withdraw an appearance." Very true, but here the record shows that on the eve of the trial, " *by leave of the court first had and obtained,* Samuel J. Stevenson withdraws his appearance as attorney for defendants herein," so that the appearance as well as the answer was gone. This having been done by leave of the court, left the case, as we think, in the same situation as if no answer had been filed. If we are correct in this, then surely if Samuel Irwin had no actual notice of the pendency of the action, having been only constructively served, he was in a situation which entitled him to the benefit intended by section eighty-two of the code.

It is also contended that "the appearance of an attorney of a court for a party in a proceeding pending in a court binds the party for whom he appears and assumes to act, whether he is in fact authorized to act or not." On this point we cannot agree with counsel. The better rule seems to be, "that although an authority will be presumed, when an attorney appears for a defendant not served with process, yet if the defendant prove he had no authority, his rights cannot be affected by the attorney's acts." 1 Wait's Actions and Defenses, 458. *Denton v. Noyes,* 6 Johns., 298. *Frye v. Calhoun,* 14 Ill., 132. *Legere v. Richard,* 10 La. Ann., 669. *Handely v. Stateton,* 6 Litt. (Ky.), 186. *Hess v. Cole,* 23 N. J. L., 116. But, as we have before shown, this question was really eliminated from the case by the authorized withdrawal of the appearance made by the attorney.

A very large portion of the plaintiff's brief is devoted to a discussion of the relation of principal and agent, which although interesting, is really inapplicable to the real matter in issue.

As before stated, we are simply to review the action of the district court upon the question of the right of the defendant to have the judgment against him opened so as to enable him to make his defense.　The statute giving this right to defendants constructively summoned, requires a certain showing to be made "to the satisfaction of the court." This the defendant did.　Upon the showing made, the district court found "that no authorized person had appeared for" the defendant, and "that during the pendency of the action,"　*　*　he "had no actual notice thereof." This finding, based as it is upon evidence, like the findings of courts and juries generally upon questions of fact within their jurisdiction, has every presumption in its favor, and should not be disturbed by us unless clearly wrong.　We cannot say it was wrong, therefore it must be sustained.

The point that the payment of costs by the defendant was "not made a prerequisite to opening the judgment," is of no consequence.　The statute leaves the matter of whether the payment of costs shall be required at all or not entirely to the discretion of court to which the application is addressed.　In that particular the decision must be left to rest on the sound discretion of that court.

ORDER AFFIRMED.