### IN THE

# SUPREME COURT OF NEBRASKA.

### SEPTEMBER TERM, A. D. 1892.

PRESENT:

HON. SAMUEL MAXWELL, CHIEF JUSTICE.
HON. T. L. NORVAL, } JUDGES.
HON. A. M. POST,

AB. KIRSCHBAUM ET AL. v. W. T. SCOTT ET AL.

[FILED SEPTEMBER 21, 1892.]

1. **Attorney:** UNAUTHORIZED APPEARANCE. Where an attorney waives process and appears for a defendant, his authority to do so will be presumed; but the defendant may deny and disprove such authority, in which case he will not be bound by the attorney's appearance.

2. ————: ————: ATTACHMENT. In the case stated, *held*, that the questions presented, aside from the want of authority of the attorneys to appear, are, first, that the action on which the attachment issued arose upon contract; and, second, that the garnishees acted in good faith in the garnishment proceedings.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

(199)

*Halleck F. Rose, J. S. Bishop,* and *S. B. Pound,* for plaintiffs in error:

Unauthorized appearance by attorneys confers no jurisdiction, and judgment entered in such a case is a nullity. (*Price v. Ward,* 1 Dutch. [25 N. J. L.], 225; *Osborn v. Bank,* 9 Wheat. [U. S.], 829; *Shelton v. Tiffin,* 6 How. [U. S], 186; *Sherrard v. Nevius,* 2 Carter [Ind.], 241; *Hess v. Cole,* 3 Zab. [23 N. J. L.], 116; *Anderson v. Hawhe,* 115 Ill., 33; *Parker v. Spencer,* 61 Tex., 155; *Critchfield v. Porter,* 3 O., 521; *Frye v. Calhoun County,* 14 Ill., 132; *Harshey v. Blackmarr,* 20 Ia., 161; *Kepley v. Irwin,* 14 Neb., 300; *Eaton v. Hasty,* 6 Id., 419; *McDowell v. Gregory,* 14 Id., 36; *Vorce v. Page,* 28 Id., 294.)

*Harwood, Ames & Kelly,* and *E. A. Gilbert, contra.*

MAXWELL, CH. J.

In 1887 the plaintiffs had a claim for $900, or more against the firm of Hopkins & Cowan. This was sent to L. C. Burr, of Lincoln, for collection. He sent the account to the defendants, and there is some claim on their part that proceedings by attachment to collect the debt were instituted. No issue of that kind is made in the pleadings, but the proof tends to show that such was the case. The matter, however, was afterwards settled by taking the notes of Hopkins & Cowan for the amount claimed, due in thirty days and six months. These notes were paid at maturity; but on paying the second note the defendants were garnished in an action before a justice of the peace, wherein one James H. Hamilton was plaintiff and the plaintiffs herein defendants. The transcript of that judgment is as follows:

"Transcript of proceedings had before J. C. Carnahan, a justice of the peace in and for York township, York, Nebraska, in February of the year 1888, in an action

wherein James H. Hamilton was plaintiff and Ab. Kirsch-
baum, Emil Selig, Morris May, and Simon Kirschbaum,
comprising the firm of Ab. Kirschbaum & Co., were de-
fendants.

"February 9, 1888, plaintiff filed his affidavit in at-
tachment against the defendants, on the ground of non-
residence, and praying judgment in the sum of $71.

"February 9, 1888, summons issued returnable Febru-
ary 14, 1888, at 10 A. M., and delivered to George Shreck,
constable.

"February 9, 1888, order of attachment issued returna-
ble February 14, 1888, at 10 A. M., and delivered to G.
W. Shreck, constable.

"February 14, 1888, summons returned indorsed as
follows, to-wit:

"'STATE OF NEBRASKA, ⎰ ss.
     YORK COUNTY.      ⎱

"'Received this writ on the 10th day of February,
1888, and I hereby certify that I am unable to find the
within named defendants in my county.

                          "' G. W. SHRECK.
"'Fees, $1.                        Constable.'

"'February 14, 1888, order of attachment returned, in-
dorsed as follows, to-wit: "

The justice then copies the returns, showing service upon
the garnishees, and their answer.   The justice then made
the following order:

"It is therefore ordered that they (the garnishees) pay
into court the said $130, to apply on this claim and costs,
or so much thereof as will pay this claim and costs.

"March 15, 1888, case called at 10 A. M., and all par-
ties appeared in court.   The defendant appeared by Scott
& Gilbert, attorneys.

"Plaintiff appeared in person and by Sedgwick & Power,
attorneys, and introduced in evidence their bill of particu-
lars, and called as witness F. C. Power, who was sworn and
gave evidence in the case.

" From the evidence in the case I do find and say that there is due from the defendants Ab. Kirschbaum *et al.* the sum of $71.50.

" It is therefore considered and adjudged by me, this 15th day of March, 1888, that the plaintiff J. H. Hamilton have and recover of and from the defendant Ab. Kirschbaum. & Co. the sum of $71.50, with interest thereon from the date hereof at the rate of 7 per cent per annum, and the costs of this action herein expended, taxed at $8.65.

" J. C. CARNAHAN,

"*Justice of the Peace.*

"March 23, 1888, transcript made and delivered to plaintiffs.

"April 21, 1888, received the above judgment, interest, and costs in full of Scott & Gilbert, garnishees.

"J. C. CARNAHAN."

It will be observed that there is nothing to show that the action is upon contract, or that the case is one in which an attachment against a non-resident would lie. The proof, however, tends to show that the action was brought by Hamilton, as sheriff, for attorney's fees and expenses incurred by him in defending an action in Platte county for the wrongful attachment of the goods of Hopkins and Cowan. It seems that before levying the attachment in question the sheriff had demanded an indemnifying bond, which had been given, and it is claimed that the suit before the justice was upon such bond. Whether it was a legitimate claim or not we are unable from the proof to determine; but as there must be a new trial, that, if put in issue, will be a proper subject of inquiry in the next trial.

The defendants, having been served with process as garnishees, appeared and answered as to amount of money in their hands, and they were ordered to hold $130 until the further order of the court. The defendants then, as attorneys for the plaintiff, appeared in the case of *Hamilton*

*v. Kirschbaum et al.*, although advised by Mr. Burr not to do so, but to let Mr. Hamilton obtain service by publication and in the meantime correspond with the plaintiffs.

It is true Mr. Burr advised the defendants to endeavor to induce Mr. Hamilton to dismiss the case; but the record wholly fails to show any authority from Burr to authorize the defendants to appear for the plaintiffs. There is nothing to show that Burr had such general authority, and it is very clear that he did not attempt to exercise it. The rule is well settled that where an attorney appears for a defendant not served with process, it will be presumed that he had authority to appear; but if the defendant may prove that he had no such power, his rights cannot be affected by the unauthorized appearance. (*Kepley v. Irwin*, 14 Neb., 300; *Denton v. Noyes*, 6 Johns. [N. Y.], 298; *Frye v. Calhoun*, 14 Ill., 132; *Legere v. Richard*, 10 La. Ann., 669; *Handley v. Statelor*, Lit. Select Cases [Ky.], 186; *Hess v. Cole*, 3 Zab., 116 [23 N. J. L.]; *Anderson v. Hawhe*, 115 Ill., 33.)

There was no authority for the defendants to appear in the case, and the final judgment in favor of Hamilton is void. The case, therefore, stands upon the answer in garnishment, and whether the same was made in good faith, and also whether the action was one in which an attachment would lie; these questions, upon proper issues, may be determined in the next trial; but unless justified by the garnishment proceedings in paying the money to the justice, the defendants will be liable for the same. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.