Scott v. Kirschbaum.

W. T. SCOTT ET AL. V. AB. KIRSCHBAUM ET AL.

FILED MARCH 3, 1896.   No. 6247.

1. Attorneys: COLLECTIONS: UNAUTHORIZED APPEARANCE: DAMAGES. In an action solely for money alleged to have been collected by the defendants, to whom, as attorneys at law, the collection of the same had been intrusted, a recovery for damages resulting from an unauthorized appearance by defendants as attorneys at law in an action entirely independent of the aforesaid collection cannot be sustained.

2. **Attachment:** PAYMENT BY GARNISHEES: JURISDICTION.
Garnishees, who, in good faith, pay into court money
due from them to an attachment defendant, not exceed-
ing the attachment creditor's claim in such court, cannot
be held liable afterwards to pay the same amount at the
suit of the attachment debtor, even though such payment
as garnishees was made before jurisdiction had been
acquired of the person to whom the debt was originally
due from the garnishees.

ERROR from the district court of Lancaster
county.   Tried below before STRODE, J.

*Harwood, Ames & Pettis* and *Sedgwick & Power,*
for plaintiffs in error.

References: *Wilson v. Burney,* 8 Neb., 39; *Roch-
ereau v. Guidry,* 24 La. Ann., 294; *Ohio & M. R. Co.
v. Alvey,* 43 Ind., 180; *Clough v. Buck,* 6 Neb., 343;
*Meyer v. Shamp,* 26 Neb., 729.

*Halleck F. Rose* and *John S. Bishop, contra.*

References: *Russell v. Rosenbaum,* 24 Neb., 769;
*Laidlaw v. Morrow,* 44 Mich., 547; *Roy v. Baucus,*
43 Barb. [N. Y.], 310; *State v. Duncan,* 37 Neb., 631;
*Bryan v. Duncan,* 19 D. C., 379; *Turner v. Sioux City
& P. R. Co.,* 19 Neb., 247.

RYAN, C.

In the district court of Lancaster county the
defendants in error brought suit for the recovery
of the sum of $100, and interest from February 1,
1888, and recovered judgment as prayed.   In the
petition Kirschbaum & Co. was described as a
partnership firm doing business in Philadelphia,
and the defendants were alleged to have been
partners engaged in practicing law in York, Ne-
braska.   For a cause of action in favor of the first
named firm it was alleged that the firm last

named had, as attorneys at law, collected for the first named firm about February 1, 1888, the sum of $100, which they had failed and refused to pay. By answer, Scott & Gilbert admitted that, as attorneys at law in the employ of Kirschbaum & Co., they had collected $497.15 on February 9, 1888, but they alleged that on the same day, and immediately after the receipt of such money, said firm of Scott & Gilbert had been garnished under an attachment against Kirschbaum & Co. The action in which the garnishment process issued had been brought before a justice of the peace of York county by J. H. Hamilton, formerly sheriff of York county, upon an indemnity bond, for the recovery of certain expenses and attorney's fees which he had been compelled to advance in defending a suit brought against himself as sheriff on account of an attachment which he had levied to enforce the collection of a claim upon which suit had been brought by Kirschbaum & Co.

The case at bar has heretofore been before this court, upon which occasion a judgment in favor of Scott & Gilbert was reversed. In the opinion then delivered it was said that the questions to be determined in the district court, upon proper issues, were whether or not the garnishment was in good faith, and whether or not the action was one in which an attachment would lie. (*Kirschbaum v. Scott*, 35 Neb., 199.) As these requirements as to pleading have been satisfactorily met, there is no occasion for further reference to the former opinion. Not only have the issues presented these questions, but the evidence leaves no reason for doubt that Scott & Gilbert acted in the utmost good faith in respect to the notice of garnishment served upon them, and, having paid into court

only what they were therein required to pay by due order of the court, they have satisfactorily to Kirschbaum & Co. accounted for the balance of the collection which they held at the time notice of garnishment was served upon them.

Upon request of Kirschbaum & Co. the district court gave three instructions upon the theory which is sufficiently illustrated by the first instruction, which was in the following language: "In this case it is urged that the money sought to be recovered is in part proceeds of a collection sent by L. C. Burr, attorney for plaintiffs, to the defendants, and that, respecting the collection thereof, the defendants had no direct communication with the plaintiffs on the funds being attached.   As appears from the evidence, it was the duty of the defendants to follow the directions of Mr. Burr, from whom they received the collection, in the matter of protecting the funds arising therefrom; and if you find in this case that said Burr instructed defendants that the claim was unjust, the enforcement of which was sought by an attachment, and not to appear in such case, but to require notice to non-residents to be published as required by law, and await word from their principals, and that defendants, in violation of such direction, wrongfully assumed to appear in said cause for their principals, the owners of the attached fund, and on a judgment based on such wrongful appearance, without any service of summons made or notice published therein, paid out said funds or any part thereof, then such payment would be voluntary and wrongful and defendants are liable for any sum withheld from plaintiff on account thereof."   It is but fair, before discussing the principles contained in the

above instructions, to say that, as soon as the notice of garnishment was served upon Scott & Gilbert, one of these garnishees telephoned Mr. Burr's law partner of the said garnishment.   The garnishment was on February 9, and in a letter of Mr. Burr's, of the date of five days thereafter, he admitted that he had knowledge of the garnish- ment.  It was scarcely true,—certainly it was not fair to Scott & Gilbert,—to state in the instruc- tion that it was agreed that the defendants had no direct communication with the plaintiffs on the funds being attached.   As appears from the evidence, Mr. Burr was the attorney for Kirsch- baum & Co., by whom their claim for collection had been sent to Scott & Gilbert; and, while in strictness these latter attorneys did not commu- nicate the fact of the garnishment directly to plaintiffs, they did immediately notify the firm of attorneys of which Mr. Burr was a member. Perhaps a reversal should not be predicated on this part of the instruction quoted.  It is, how- ever, dangerously near prejudicial error.   As we understand the theory of the above instruction, the liability of Scott & Gilbert was thereby made dependent upon either of two propositions: First, because before summons served the court had no jurisdiction, and, therefore, the failure of the gar- nishees to contest that fact rendered them liable to Kirschbaum & Co.; and second, because Scott & Gilbert appeared without authority as attorneys for the defendant and thereby conferred jurisdic- tion upon the court to render judgment against the firm of Kirschbaum & Co.   In respect to this second ground of alleged liability it may properly be remarked that, so far as this record shows, Kirschbaum & Co. have never sought to have set

aside the judgment which they now claim should
never have been rendered against that firm,
neither has the justness of the claim of Hamilton
in any way been called in question.   There is,
however, one thing very certain, and that is, that
by the petition there was presented no such ques-
tion as the right to recover damages caused by
the unauthorized appearance of Scott & Gilbert
as attorneys for Kirschbaum & Co.   The instruc-
tions which assumed that a right of recovery had
by the petition been predicated upon their alleged
unauthorized appearance misstated the issues and
was prejudicially erroneous.

In respect to the assumption that Scott & Gil-
bert were bound to contest the jurisdiction of the
justice of the peace before paying money upon
garnishment, defendants in error, perhaps uncon-
sciously, assume that these garnishees were at-
torneys for Kirschbaum & Co.   As ordinary gar-
nishees Scott & Gilbert were entitled to be
discharged from their liability to Kirschbaum &
Co. by paying just as they did pay. (Code of Civil
Procedure, sec. 222.)   The requirement that these
particular garnishees should have defended upon
the ground of a want of jurisdiction of the persons
of the attachment defendants certainly could not
have been predicated upon the mere fact that
they were garnishees.   Probably the theory on
which the recovery was for the most part held
justifiable was that before and without service of
summons the attachment had no binding force
and consequently payment under and because of
it, afforded no protection to the garnishees.   The
very well considered opinion in *Darnall v. Mack,*
46 Neb., 740, has destroyed whatever of plausi-
bility there may theretofore have been in this con-

tention, and no amplification of argument could do more. In any possible view of this case a recovery could not be justified, and the judgment of the district court is therefore

REVERSED.