## JAMES BELL

### *v.*

## CHARLES B. FARWELL. ·

*Opinion filed February 20, 1901—Rehearing denied April 4, 1901.*

1. ACTIONS AND DEFENSES—*suit begun by attorney without authority should be dismissed.* If an attorney commence a suit in the name of another without authority, it is the duty of the court to dismiss the same on motion of the defendant.

2. SAME—*possession of certified copy of foreign judgment is not evidence of ownership.* The possession of a certified copy of a foreign judgment is no evidence of ownership, and an attorney suing on such judgment should be required to show his authority whenever the showing made in support of the motion to dismiss satisfies the court that there is a reasonable probability that the suit is being prosecuted without authority of the judgment creditor or beneficial owner of the judgment.

3. SAME—*what sufficient to require dismissal of case in absence of proof of authority to sue.* A written statement by the nominal plaintiff, though not sworn to, that the suit was prosecuted without his authority, which statement is supported by the admission of the attorney for plaintiff that he does not claim to represent the nominal plaintiff but the owner of the judgment on which the suit is brought, is sufficient to require a dismissal of the case, unless such showing is overcome by proof that the judgment had been assigned and that the attorney was authorized to represent the assignee.

4. SAME—*defendant has an interest in knowing that a suit on foreign judgment is being prosecuted by the owner.* Upon a showing that a suit on a foreign judgment is being prosecuted without the knowledge or authority of the plaintiff in whose name the suit is brought, the suit should be dismissed, unless the attorney for the plaintiff discloses to the court who his client is and that he has a beneficial interest in the suit.

5. SAME—*when motion to dismiss is made in time.* A defendant has the right to presume that the suit was authoritatively commenced until he is advised to the contrary, and hence his motion to dismiss, immediately after discovering such want of authority, is in time.

6. SAME—*what not a ratification of authority to bring suit.*   The fact that after an order of dismissal is entered by the court, for want of authority on the part of the attorney to bring suit, the plaintiff signs an appeal bond, does not amount to a ratification of authority to bring the suit. .

*Bell* v. *Farwell*, 89 Ill. App. 638, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

CRATTY, JARVIS & CLEVELAND, for appellant:

The real party in interest may bring suit for his own benefit in the name of the person having the legal title and right to sue, even without the latter's authority and against his consent, upon indemnifying him against costs. 15 Ency. of Pl. & Pr. 493-496; *Sumner* v. *Sleeth*, 87 Ill. 500; *American Express Co.* v. *Haggard*, 37 id. 465; *Henderson* v. *Welch*, 3 Gilm. 340; *Chapman* v. *Shattuck*, id. 49; *Creighton* v. *Hyde Park*, 6 Ill. App. 272; *Dazey* v. *Mills*, 5 Gilm. 67.

An assignee may sue in the name of his assignor, it being held that the assignor, by the fact of the assignment, authorized the assignee to use his name in any legal proceedings that became necessary to give full effect to the assignment.   15 Ency. of Pl. & Pr. 496, 497; *Henderson* v. *Welch*, 3 Gilm. 340; *Chapman* v. *Shattuck*, id. 49; *Carlyle* v. *Water Co.* 140 Ill. 445; *Creighton* v. *Hyde Park*, 6 Ill. App. 272; *Lee* v. *Pennington*, 7 id. 247; *Chadsey* v. *Lewis*, 1 Gilm. 153.

The fact that the action is brought for the use of the real party in interest need not appear upon the record, although it is perhaps usual to make that fact appear, so as to guard the interests of the usee against any action of the nominal plaintiff.   *Bank* v. *Barth*, 179 Ill. 83; 15 Ency. of Pl. & Pr. 490; *American Express Co.* v. *Haggard*, 37 Ill. 465; *Tedrick* v. *Wells*, 152 id. 217; *Northrup* v. *McGee*, 20 Ill. App. 108.

The defendant cannot avail himself of the nominal plaintiff's want of interest in the suit. Want of interest of the nominal plaintiff is no defense where he has the legal interest. 15 Ency. of Pl. & Pr. 490; *Rockwood* v. *Brown*, 1 Gray, 262; *Hudson* v. *Morriss*, 55 Tex. 595; *Alsop* v. *Caines*, 10 Johns. 396; *Raymond* v. *Johnson*, 11 id. 488.

The presumption of law is that the attorneys were authorized to bring and prosecute the suit. Their appearance is *prima facie* evidence of their authority. The burden is on the defendant to show that they did not have such authority. *Ferris* v. *Bank*, 158 Ill. 237; *Reed* v. *Curry*, 35 id. 536; *Williams* v. *Butler*, id. 544; *Welch* v. *Sykes*, 3 Gilm. 197; *Whittaker* v. *Murray*, 15 Ill. 293; *Lawrence* v. *Jarvis*, 32 id. 304; *Thompson* v. *Emmert*, 15 id. 415; *People* v. *Supervisors*, 100 id. 332.

If the real party in interest authorized the bringing of the suit it will not be dismissed, although all the parties did not authorize it. *O'Flynn* v. *Eagle*, 7 Mich. 306.

The motion to dismiss was a dilatory one, which the law requires to be made at the earliest opportunity, and unless so made such motion is too late. *Miller* v. *Metzger*, 16 Ill. 390; *Reed* v. *Curry*, 35 id. 536; *Mix* v. *People*, 116 id. 265; *Frye* v. *County of Calhoun*, 14 id. 132.

Even though a suit be begun without authority the action may be ratified. *Mason* v. *Stewart*, 6 La. Ann. 736; Weeks on Attorneys, (2d ed.) sec. 247; *Maddux* v. *Bevan*, 39 Md. 485; *Brown* v. *Platt*, 8 Bosw. 324; *Little* v. *Giles*, 27 Neb. 179; *Martin* v. *Judd*, 60 Ill. 78.

Tenney, McConnell, Coffeen & Harding, for appellee:

The defendant is interested in the question whether the suit is prosecuted with authority, for if it is not, then the judgment, when rendered, does not bind the plaintiff and is no protection to the defendant. *Frye* v. *County of Calhoun*, 14 Ill. 132; *Anderson* v. *Hawhe*, 115 id. 33; *Kankakee* v. *Railroad Co.* id. 88; *McAlexander* v. *Wright*, 3 T. B. Mon.

190; *McKiernan* v. *Patrick,* 4 How. 333; *Clark* v. *Willett,* 35 Cal. 534.

On the facts shown, the suit was not prosecuted on the authority of Bell or any one having a right to direct that that suit be brought, and the court was warranted in dismissing it. *Stuber* v. *Schack,* 83 Ill. 191; *McKichan* v. *Follett,* 87 id. 103; *Brown* v. *Metz,* 33 id. 339; 16 Am. & Eng. Ency. of Law, 119; *Claflin* v. *Chicago,* 178 Ill. 549; *Filkins* v. *O'Sullivan,* 79 id. 524; *Jenkins* v. *Pope,* 93 id. 27; Weeks on Attorneys, sec. 214; *McClintock* v. *Helberg,* 168 Ill. 374; 3 Thompson on Corp. secs. 3446, 3447; *Bank* v. *Joslyn,* 59 Kan. 778.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the Branch Appellate Court for the First District affirming an order of the superior court of Cook county dismissing this suit on the motion of defendant, on the ground that the attorneys for plaintiff had no authority to commence and prosecute the same.

The suit was commenced on the 14th day of July, 1892, to recover the amount of defendant's alleged liability as a stockholder in the Abilene Central Land Company, a Kansas corporation. It is averred in the declaration that on February 26, 1890, the plaintiff recovered a judgment in the district court of Dickinson county, Kansas, against the Abilene Central Land Company; that said judgment is in full force; that defendant is a stockholder in said corporation, and that under the laws of Kansas plaintiff has a right to recover from defendant an amount equal to the amount of stock in said corporation owned by defendant. A demurrer was sustained to the declaration by the superior and Appellate Courts, which judgments were reversed by this court (176 Ill. 489) and the cause remanded to the superior court with directions to overrule the demurrer. The case was re-instated in the superior court, and on the third day of June, 1899, the

defendant moved to dismiss the suit on the ground that the same had been commenced and was being prosecuted without the authority of the plaintiff. This motion was supported by the affidavit of the plaintiff, in which he states that he had no knowledge whatever of the suit or that the same had been brought in his name; that the same was being prosecuted without his knowledge and consent; that he has not authorized any suit to be brought against the defendant growing out of transactions heretofore entered into by the Abilene Central Land Company, nor does he ratify the same; that he had had no communication with any one in regard to said suit; that he has not paid or been called upon by any one to pay any expenses of prosecuting said suit; that he has no claim against the defendant of any character whatever and that the defendant is not indebted to him in any sum whatever. The abstract shows that upon the making of said motion and the filing of said affidavit "the attorneys for the plaintiff stated that they could make proof of their authority to bring said suit, and asked time to do so, and at their request the court gave them until July 1, 1899, to make such showing, and set the matter for hearing on that day;" that "on July 1, 1899, the said motion coming on for hearing, the defendant, in support thereof, read the foregoing affidavit of James Bell;" that "thereupon the attorney for the defendant stated that neither the defendant nor his attorneys knew or had any reason to believe until after May 15, 1899, and before May 23, 1899, that this suit had been brought without the knowledge or authority of the plaintiff; that in May, 1899, they had been informed that James Bell had at one time lived in Los Angeles, California, and was supposed to have died; that they thereupon sent to an attorney in Los Angeles instructions to ascertain whether Bell was living; that he ascertained that Bell was living, but that he had no knowledge that this suit had been brought and had not authorized it, and that thereupon said attorneys

procured and sent to the defendant's attorneys the affidavit of James Bell as above set forth," and that "by agreement of counsel this statement of the defendant's attorney was taken in lieu of an affidavit."

An attorney is not authorized to commence a suit in the name of another unless he has been actually employed to represent the party in court. (*Frye* v. *County of Calhoun,* 14 Ill. 132; *Miller* v. *Metzger,* 16 id. 390; *Reed* v. *Curry,* 35 id. 536; *Town of Kankakee* v. *Kankakee and Indiana Railroad Co.* 115 id. 88.) In the case of *Frye* v. *County of Calhoun, supra,* we say (p. 133): "An attorney is not permitted to commence a suit in the name of another without first receiving authority for the purpose. His position gives him the right to appear for a suitor when employed, but none to interfere in a case in which he is not retained. By the English practice an attorney is not allowed to prosecute or defend a suit unless he has a written warrant of attorney from the party. The warrant constitutes his authority to act for the suitor, and it is filed in the court in which the action is pending. In this country a warrant of attorney is not generally required but an attorney may be appointed by parol. It is, however, as necessary here as in England that he be authorized by the party to appear for him. The only difference in the practice relates to the mode of his appointment. He must be actually employed for the purpose before he can represent the party in court. The relation of client and attorney must subsist between them. That relation cannot be created by the attorney alone. The suitor has a right to select his own attorney." If an attorney commence a suit in the name of another without authority, it is the duty of the court to dismiss the same on the motion of the defendant. In *Frye* v. *County of Calhoun, supra,* it is said (p. 133): "If an attorney brings a suit in the name of another, the legal presumption is that he has been retained for the purpose. It is only when his right to represent the plaintiff is questioned and the presumption

that he has been engaged by him is repelled, that he can be called upon to make proof of his authority; but in such a case, if he fails to show any authority to institute the suit the same should be summarily dismissed by the court." And in *Town of Kankakee* v. *Kankakee and Indiana Railroad Co. supra,* the court say (p. 92): "Counsel make the point that the court erred in dismissing the case, even conceding that the suit was commenced without lawful authority, because the motion was only made by one of the defendants,—that the order of dismissal should have been only as to the party making the motion. This is not tenable. The court would, of its volition, without any motion, have dismissed the suit at any time when its attention was called to the fact that it was being prosecuted without lawful authority." The showing made by the defendant was ample, and the court was fully justified in dismissing the suit unless attorneys for plaintiff have shown said judgment has been assigned, that they represent the assignee or beneficial owner, and that the suit is brought for the benefit of such assignee or beneficial owner.

The attorneys for the appellant state in their brief: "It clearly appears that James Bell is only the nominal plaintiff; * * * that the attorneys for the plaintiff do not pretend to be acting in the interest of the nominal plaintiff, but they instituted and are prosecuting the action in his name for the use of the owner of the judgment, who is their client." The proof of the assignment of said judgment, offered in evidence upon the hearing of the motion, was a certified copy of the record of an assignment of the judgment recorded in the office of the district clerk of Dickinson county, Kansas, purporting to have been made the 21st day of March, 1890, by "James Bell, by John Johntz, attorney in fact," to the Western Investment, Loan and Trust Company, and the affidavits of John H. Mahan, the attorney who represented the plaintiff at the time the judgment was recovered, and

John Johntz, who assigned the judgment, as the attorney in fact of James Bell, to said loan and trust company, which affidavits tended to establish the authority of John Johntz to make said assignment as the attorney in fact of James Bell. The affidavits of Mahan and Johntz were sworn to before a notary public in the State of Kansas. Under the authority of *Keefer* v. *Mason*, 36 Ill. 406, *Smith* v. *Lyons*, 80 id. 600, *Ferris* v. *Commercial Nat. Bank*, 158 id. 237, *Trevor* v. *Colgate*, 181 id. 129, and *Desnoyers Shoe Co.* v. *First Nat. Bank*, 188 id. 312, said affidavits are void for the reason the notary made no certificate of his authority to administer oaths under the laws of the State of Kansas, and no other evidence of such authority was submitted to the court. The certified copy of the record of said assignment did not prove the assignment of said judgment, first, because such copy was but a copy of the record where the original assignment was recorded; and secondly, because there was no proof of the authority of Johntz to make such assignment. The assignment of the judgment by Bell to the Western Investment, Loan and Trust Company was therefore not established.

It is, however, contended by the attorneys of appellant that the affidavit of James Bell was sworn to before a notary public in the State of California and void for the same reason as the affidavits of Mahan and Johntz, and that therefore there is no proof of the want of authority in appellant's attorneys to commence and prosecute this suit. James Bell, however, is a party to the record, and his statement in writing, although not sworn to, that the suit was prosecuted without his authority, supported as it is by the admission of the attorneys for the appellant that they do not claim to represent James Bell but claim to represent the owner of the judgment, was sufficient to require a dismissal of the case until such showing was overcome by proof that the judgment had been assigned and that the attorneys for appellant had authority to represent the owner of the judgment.

If it be conceded that the judgment was duly assigned to the Western Investment, Loan and Trust Company, we still think the court did not err in dismissing the suit. This case differs materially from that of *Reed* v. *Curry, supra,* and other authorities relied upon by the attorneys for appellant, wherein it is held that the possession of the obligation upon which suit is brought, nothing being shown to warrant the court in believing that authority had been improperly assumed, would be sufficient proof of the authority of the attorneys of plaintiff to bring the suit. Here the suit is brought upon a foreign judgment, a certified copy of the record of which can be obtained by any one who will pay the custodian of the record thereof his fees. The possession thereof is no evidence of ownership, and an attorney bringing a suit on such judgment should be required to show his authority whenever the showing made in support of the motion to dismiss satisfies the court that there is a reasonable probability that the suit is prosecuted without the authority of the judgment creditor or beneficial owner of the judgment. (*Tally* v. *Reynolds,* 1 Ark. 99; 31 Am. Dec. 737; *McAlexander* v. *Wright,* 3 T. B. Mon. 189; 16 Am. Dec. 93.) In the case of *Tally* v. *Reynolds, supra,*—a well considered case,—it is said: "In cases like the present, where the action is founded on the judgment of some court, a transcript of the record whereof may be procured at any time and by any person who will pay the legal fees therefor, and suit be instituted in the name of the judgment creditor without his knowledge or consent and the money coerced from the defendant without any authority whatever from the real owner of the demand, and because the mere possession of such transcript does not raise even a presumption that the possessor has any legal or beneficial interest in the judgment the custody of which does not belong to the creditor, the rule should be made whenever it is shown that there is a reasonable probability that the suit is prosecuted without authority of the judgment

creditor or other person really or beneficially interested in the judgment; but where the action is founded on any written obligation, the obligee has the legal custody of the instrument, and if any other has the possession of it, the legal presumption is that he obtained it fairly and with the consent of the obligee; and this presumption stands unless repelled by evidence. Therefore, in such cases stronger circumstances should be required to be shown than in the case of record, to induce the court to grant the rule against the attorney to show his authority."

It is contended by the attorneys for appellant that James Bell having assigned the judgment to the Western Investment, Loan and Trust Company, they may rightfully bring a suit thereon against the defendant in the name of James Bell, for the use of the equitable owner of said judgment, without naming the person for whose use the same was brought, and that the court will presume the suit is brought for the use of such equitable owner and that they are duly authorized to represent him. It undoubtedly is good law that it is not necessary to name upon the record the equitable owner or person for whose use the suit is brought, and that the court will presume in the first instance and until his authority is challenged, that the attorney has authority to commence and prosecute the suit. If, however, no usee is named and the attorney for plaintiff has no authority to represent the nominal plaintiff, and the suit is based upon a foreign judgment, it is no hardship for the attorney of record to be required to show whom he does represent and who is the real party in interest; and it is not sufficient for such attorney to state that he represents the owner of the judgment without disclosing the identity of such owner. The defendant has an interest in knowing that the suit is being prosecuted to judgment by or for the use of the owner of the judgment, and upon a showing that the plaintiff in whose name the suit is being prosecuted is not aware of the pendency of such suit and

that the same is being carried on without his authority, the suit should be dismissed, unless the attorneys for plaintiff disclose to the court who their clients are and that they have a beneficial interest in the prosecution of the suit.

It is further contended that this is a dilatory motion and was made too late. The defendant had the right to rely upon the presumption that the suit was authoritatively commenced until he was advised to the contrary. The motion was made immediately upon the discovery that Bell had not authorized the suit. Between the time of the discovery of want of authority of the attorneys of appellant to represent Bell and the time of the making of the motion no action was taken in the case by the defendant which in any way affected the merits of the case. The motion was made in ample time.

The fact that after the order of dismissal was entered by the superior court the plaintiff signed an appeal bond does not amount to a ratification of authority to bring the suit. At the time of the execution of the appeal.bond the suit had been dismissed upon the statement of Bell that it had been commenced and was being carried on without his knowledge, consent or authority. By no act of his could Bell undo what the court had rightfully done, based upon his own action.

The authority of the attorneys of plaintiff to prosecute this suit was properly questioned. They admit they do not represent the plaintiff of record. They have failed to show they represent any one else having a substantial, beneficial interest in this suit, and we think the superior court was justified in dismissing the same and that the Appellate Court did not err in affirming such order of dismissal.

The judgment of the Appellate Court will therefore be affirmed.                    *Judgment affirmed.*