Elmer C. Dreher, Appellee, **v. F. P.** Baker et al., Appellants.

**Gen. No. 33,209.**

584

Opinion filed June 26, 1929. Rehearing denied July 8, 1929.

FRANK M. ELY, for appellants.

GALLAGHER, SHULMAN & ABRAMS and WARD, HUE-BESCH & FARRELL, for appellee.

PER CURIAM. Elmer C. Dreher, trustee, filed his petition July 13, 1928, in the superior court of Cook county, praying for a writ of certiorari against F. P. Baker, J. P. Aylesworth, John J. Dreher, A. C. Stuenkel and J. Klima, members of and comprising the Board of Zoning Appeals of the village of Brookfield, F. A. Schultz, village collector of the village of Brookfield, Thomas Alway, building commissioner of

the village of Brookfield, E. B. Graham, president, and John F. Tichy, H. F. Ostrander, John Henning, George Miller, A. F. Harder and Alexander F. Horn, members of the Board of Trustees of the village of Brookfield, to review and revise a decision of the Board of Zoning Appeals of said village filed June 27, 1928.

The petition charged that a certain ordinance was passed by the Board of Trustees of the village of Brookfield November 19, 1924, under an act of the General Assembly in force July 1, 1921, Cahill's St. ch. 23, ¶ 521 *et seq.*, creating a zoning commission. The petition further charges that, under the zoning ordinance enacted, there was provision for two classes of residential districts, one restricted to single family dwellings and the other restricted to apartment and multiple dwellings, designated respectively as section 3 "A" and section 4 "B."

The petition further charged that the petitioner was the owner of a certain lot in the district described as section 4 "B" and that he applied to the collector and members of the Board of Trustees for permits to erect, use and occupy apartment buildings for residence purposes and deposited with the village collector the sum of $636, which was the requisite amount to cover the fees required for permits; charges further that on June 4, 1928, the Board of Trustees of said village denied his application and refused to grant him his permits and that thereafter on June 18, 1928, petitioner filed an appeal with the Board of Zoning Appeals and, on June 27 of that year, the Board of Zoning Appeals held a meeting and considered the application and at such meeting the action of the trustees of the village was upheld and charged that the action of the village authorities and the Board of Zoning Appeals was unjust, unfair and unlawful.

On the hearing in the superior court it developed that after the application for permits had been made

by petitioner and the money paid to the village collector, an amendment was passed by the Board of Trustees of the village of Brookfield amending the zoning ordinance, as a result of which the lots of the petitioner were thrown into that district covered by the zoning ordinance, which was limited to single dwellings only.

After the passage of the amendment the trustees of the village of Brookfield denied the application for permits and, on appeal to the zoning board, three of the members of said zoning board voted in favor and one against the issuance of the permits. The statutory requirement, Cahill's St. ch. 23, ¶ 523, provides that the votes of four members of the zoning board are necessary on questions coming up on appeal from the Board of Trustees and consequently the appeal was lost.

Upon a hearing in the superior court a motion was made to quash the writ of certiorari and it was ordered that the defendants issue to the petitioner permits to erect the six apartments on the lots in question. An appeal was prayed and allowed to this court and after said appeal had been perfected, the petitioner, Elmer C. Dreher, trustee, filed certain pleas, leave of court being first obtained, charging release of errors. To these pleas defendants filed their replications and the matter was referred to a special commissioner to take proof and report the testimony back to this court without his conclusions. The merits of the cause are not now before us and we have considered only the question on the issues made by the pleas and replications on the proof reported back by the commissioner. *Scott v. Scott*, 304 Ill. 267.

The pleas in effect charged that after the appeal had been perfected, the Board of Trustees of the village of Brookfield on August 20, 1928, passed the following resolution:

"It is regularly moved and seconded, that the build-

ing commissioner be instructed to issue a permit for the erection of an apartment building on the North West corner of Arden and Groveland Avenues in conformity with the request of the builders, the court having handed down a decision allowing the petitioner the right to erect buildings as proposed on that site.''

Further charges that the place stated in said resolution referred to the lots of petitioner and that, by arrangements with the trustees, petitioner agreed to erect four buildings instead of six and that thereupon the village paid back to petitioner the difference between the cost of the application for four buildings instead of six as originally applied for, and retained $424, the cost of permits; charged further that, thereupon, petitioner began excavating and entered into contracts for cement work, masonry, cut stone work, plastering, millwork, carpenter work, etc., to the aggregate of $46,000, and also entered into contracts for the sale of three of said buildings and became liable in damages for a large sum of money. To these pleas the trustees of the village of Brookfield filed replications charging that on September 4, 1928, the Board of Trustees of the village of Brookfield did, by motion duly made and carried, rescind the order of August 20, 1928, referred to in the pleas, and did not consent to nor ratify the judgment of the superior court of August 20, 1928, or release the errors. Charges further the collector of the village of Brookfield delivered back to petitioner the total sum that petitioner had delivered to the collector as fees for the building permits.

We find, as a matter of fact, that the Board of Trustees of the village of Brookfield did, on the 20th of August, 1928, pass the resolution hereinbefore set forth and pleaded as a release of error, and that it did not on September 24, nor at any time thereafter, rescind said action and that it did not pay back to petitioner all of the money deposited by him with the

village collector for the purpose of obtaining the permits in question.

The replications filed by the members of the zoning board charged that that board did not consent to the waiver of the appeal, but an examination of the record shows that that board never, at any time, authorized any appeal to be taken on its behalf from the judgment order of the superior court. From the testimony we are of the opinion that the attorney perfected the appeal on behalf of said board without authority and was unauthorized so to do. The action of the Board of Trustees of the village in ratifying the action of the trial court was a sufficient indication that the board had not authorized the appeal and its records are silent as to the authorization of the proceedings in this court, with the exception of the resolution hereinbefore referred to.

The case of *Sackett v. City of Morris*, 149 Ill. App. 152, held that a city attorney had no authority to interfere with the action of a city council and to control proceedings contrary to the right of the city council to order their discontinuance.

In the case of *Bell v. Farwell*, 189 Ill. 414, it was held that it was the duty of a court to dismiss a proceeding where it had been commenced by an attorney without authority. It is urged on behalf of the defendants, by their counsel, that in order to constitute a release of error, it must appear that the defendants procured some advantage by reason of the action done. We have considered this cause, however, only upon the testimony submitted by the special commissioner and upon the pleas and replications and the issue therein made, and are of the opinion that the village of Brookfield, under the issues as formed by the pleas and replications, is estopped from interfering with the erection of the four apartment buildings in question. The end of the litigation, in itself, constitutes some advantage to the village, which, coupled with the ob-

ligation incurred by the defendant, is a sufficient ground 'for sustaining the pleas. *Donahoe v. Owens,* 277 Ill. 318; *Scott v. Scott,* 304 Ill. 267.

For the reasons stated in this opinion, the issues are found in favor of the petitioner and against the defendants on the pleas and replications under the testimony submitted by the special commissioner and the judgment of the superior court is affirmed.

*Judgment affirmed.*