# JONATHAN K. COOPER *et al.*

### *v.*

## THE TOWN OF DELAVAN.

1. TOWN SUPERVISOR—*authority of to employ counsel to defend suits against the town.* The 4th section of article 12 of the act of 20th of February, 1861, entitled "An act to reduce the act to provide for township organization, and the several acts amendatory thereof, into one act, and to amend the same," provides that, "in all legal proceedings against the town, by name, the first process, and all other proceedings required to be served, shall be served on the supervisor of the town. And whenever any suit or proceeding shall be commenced, it shall be the duty of the supervisor to attend to the defense thereof, and to lay before the electors of the town, at the first town meeting, a full statement of such suit or proceeding for their direction in regard to the defense thereof:" *Held,* under the provisions of such section, the town supervisor has authority to employ an attorney to defend a suit against the town, and the town will be liable to pay for the services thereof a reasonable compensation.

2. It is still the duty of the supervisor, although he may employ counsel, to call a town meeting and lay the whole case before the voters with the legal advice he may have received, for their direction.

3. And at such a meeting the voters may, if they choose, dispense with or continue the services of the attorney, the town still remaining liable to pay a reasonable compensation to the attorney for the services already rendered.

4. But the neglect of duty on the part of the supervisor to take steps to call such meeting, or a refusal of the officers and voters to call the meeting, should not prejudice the attorney.

APPEAL from the Circuit Court of Tazewell county; the Hon. CHARLES TURNER, Judge, presiding.

This was an action of assumpsit, brought by Jonathan K. Cooper and William L. Moss, partners, doing business under the firm name of Cooper & Moss, against the town of Delavan, in Tazewell county, to recover for legal services and for money by them paid out for the use of the defendant, in defending a suit in the circuit court of Tazewell county, and in

the Supreme Court of this State, being the suit of *Phillips et al.*
v. *Drake* and said town of Delavan, for an injunction to stay
the collection of taxes assessed by the town. The plaintiffs
claim to have been employed by James H. McKinstry, the
then acting supervisor of the town of Delavan, to defend for
said town in said injunction suit, both in the circuit court of
Tazewell county and in this court.

Judgment was rendered in the court below in favor of the
defendant, to reverse which the plaintiffs appeal.

Messrs. ROBERTS & GREEN, for the appellants.

Mr. J. B. RICE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The question presented by this record is, whether the town-
ship supervisor has legal authority to employ counsel to de-
fend the township when sued. The 4th section of article 12,
Gross' Com. p. 755, declares that, "in all legal proceedings
against the town, by name, the first process, and all other
proceedings required to be served, shall be served on the su-
pervisor of the town. And whenever any suit or proceeding
shall be commenced, it shall be the duty of the supervisor to
attend to the defense thereof, and lay before the electors of
the town, at the first town meeting, a full statement of such
suit or proceeding, for their direction as to the defense there-
of." The second clause of this section, in clear and unambig-
uous terms, imposes the duty of attending to the defense of
any suit or legal proceeding against the town, upon the super-
visor. It is true, it does not, in express language, author-
ize that officer to employ counsel, but it is manifestly implied.
In fact, no other reasonable construction can be given the
clause.

The process is served upon the supervisor and he is required
to attend to the defense. How, it may be asked, can he at-
tend to the defense when the services of an attorney may be

7—61ST ILL.

required, unless he may employ legal advice? To hold that the supervisor has no such power, would be attended with inconvenience, delay, and would, in many cases, operate injuriously. If it were necessary that a town meeting should be called, in suits before a justice of the peace, sufficient time for the purpose would seldom intervene, as the officers of the town would have, first, to agree that such a meeting was necessary, the requisite petition would have to be filed, and ten days' notice of the time, place, etc., given. In the circuit court, however, no trial can be had at the first term unless there has been service at least thirty days before the term, or by consent. But cases may occur in which suits must be brought by the town without delay, and when the calling of a town meeting would be impracticable. These considerations, independent of the imposition of the duty of attending to the defense by the supervisor, would warrant the inference that the supervisor might employ counsel from the mere fact that process is served on him.

We have no doubt that the supervisor has, under the statute, power to employ an attorney to defend a suit against the town, and it will be liable therefor to pay a reasonable compensation. It is, no doubt, the duty of the supervisor, although he may employ counsel, to still call a town meeting and lay the whole case before the voters, with the legal advice he may have received, for their direction. At such a meeting the voters may, no doubt, dispense with or continue the services of the attorney, as they may choose, the town still being liable to the attorney to pay a reasonable compensation for the services already rendered. But the neglect of duty on the part of the supervisor to take steps to call the meeting, or a refusal of the officers and voters to call such a meeting, should not prejudice the attorney. This defense seems to be an ungracious one, if the citizens stood by and saw the attorney attending to their case and took no steps to warn him that they no longer wanted his services. The court below erred in

instructing the jury that the supervisor had no power to employ an attorney, and that the town was not liable unless it ratified the act. It was also error to reject the evidence that the supervisor employed appellants. For these errors the. judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*