<hr />

JOHN WELLS ET AL.

v.

AYRES M. WHITTAKER ET AL.

1. TOWNS—EXPENSES OF LITIGATION, A PROPER TOWN CHARGE.—Where a town becomes a party to a litigation growing out of a contest for removal of the county seat, it will be liable for all legitimate expenses growing out of such litigation. The act relating to the removal of county seats authorizes a

town, to or from which it is proposed to remove the county seat, to become a party to such litigation, and the court by its decree having assessed a portion of the cost against the town, it was the right and duty of the auditing board to make a certificate ordering the levy of a tax to pay such decree.

2.  COUNSEL FEES.—Having the right to become a party to such litigation, the town by its supervisor may employ counsel, and the fees of such counsel are a proper town charge for which a tax may be levied.

3.  CANNOT ISSUE INTEREST BEARING ORDERS.—The statute nowhere gives a town the authority to pay interest, and the board of auditors have no legal authority to issue interest bearing orders, or to agree to pay interest on behalf of the town.

APPEAL from the Circuit Court of Woodford county; the Hon. JOHN BURNS, Judge, presiding. Opinion filed November 1, 1879.

Messrs. STEVENSON & EWING and Mr. HAMILTON SPENCER, for appellants; that the location of a county seat is not such a corporate purpose as will authorize a town to incur expense in litigation, cited Livingston Co. v. Weider, 64 Ill. 427; Sleight v. The People, 74 Ind. 47; Rev. Stat. 1874, 1072.

The levy of a tax is in derogation of common right, and its exercise should be guarded with care: Mix v. The People, 72 Ill. 241.

As to power of courts to enjoin the collection of an unauthorized tax: Cook Co. v. C. B. & Q. R. R. Co. 35 Ill. 460; Livingston Co. v. Weider, 64 Ill. 427; Sleight v. The People, 74 Ill. 47.

Auditing of claims only raises a presumption of their legality, and if any part of the claims audited were unjust, the court should have found the amount, and it was error to dismiss the bill without so doing: Rayburn v. Davis, 2 Bradwell, 548.

Messrs. BRIGGS, MEEK & PRETTYMAN, for appellees; that the town is a proper party interested in the county seat litigation cited Rev. Stat. 1874, 319, § 82.

And it had a right to make defense therein: Rev. Stat. 1072, § 40.

The extent to which defense may be made is in the discretion of the town, and cannot be inquired into in this court: Fagan v. Chicago, 84 Ill. 231.

Wells v. Whittaker.

The supervisor is authorized to employ counsel and make defense for the town: Cooper v. Delevan, 61 Ill. 96; People v. Cline, 63 Ill. 394.

A judgment against the town for costs is a proper town charge: Rev. Stat. 1874, 1074, § 50.

LACEY, J.   The appellant, John Wells, and 47 others, tax-payers of the town of Roanoke, Woodford county, filed their bill in equity in the Circuit Court of that county, against appellees, praying for an injunction against them to restrain them from collecting from complainants certain illegal taxes as claimed by them.

It appears from the bill and evidence, that John W. Page and others were complainants in a bill in the Woodford county Circuit Court, brought against the treasurer, county and circuit clerks, county judge and the board of supervisors of the county, to prevent them from moving their offices from Metamora to Roanoke, and to contest the validity of an election held Nov. 11, 1873, to remove the county seat from Metamora to Roanoke.

That the town of Roanoke, on 2nd December, 1873, appeared in the cause by the county attorney and filed answer; that said cause was finally heard April 21, 1876, resulting in a decree of perpetual injunction, and an order for two-thirds of all the costs against the town of Roanoke. It further appears that David T. Fauber, supervisor, M. L. Moak, town clerk, and A. C. Wheeler, justice of the peace, acting as town board, filed a certificate of the amount of tax to be levied in said town for the year 1877, as follows:

| | |
|---|---|
| To pay portion of existing indebtedness | $7,000 |
| To pay officers' salaries | 600 |
| To pay interest on existing indebtedness | 1,500 |

$9,100

It appears also that the two-thirds of the costs, by order of decree chargeable to Roakoke, was $5,010, which is yet unpaid.

It is claimed by the bill that the item of $7,000, and of $1,500, mentioned in the certificate of the auditors represented, pretended

indebtedness growing out of said litigation, which it was claimed was not valid against the town.

The item of $7,000 is: For attorney's fees to David Mc-Culloch, $500, and decree for costs in the county seat litigation for $5,010; judgment against town in favor of M. L. Newell for $325 and interest, and other items of indebtedness for expenses incurred in and about the litigation, the exact items of which we are not able to distinguish, from the state of the abstract.

The other amount of $1,500 is levied for the purpose of paying off certain items accrued on interest bearing orders, issued in accordance with a resolution passed at the annual town meeting, April 21, 1876, ordering the board of auditors to issue interest bearing orders "for expenses of litigation in county seat case."

It is claimed by appellees that the town, being unable to meet the expenses incurred in defending the suit, ordered these interest bearing orders to issue, and that the auditing board did issue them, and that this item of levy of $1,500 is intended to meet this interest.

As to the first item of $7,000, the appellants claim that it was incurred on account of the county seat litigation, and was not for a town purpose, and was not for a matter in which the town had an interest; that the township organization act did not contemplate the procuring the location of a county seat within the township, as one of the objects for which the municipal corporation was created; that the principle announced in the case of Livingston Co. v. Weider, 64 Ill. 432, is opposed to such claim; that the paying of the expenses of the county seat litigation was not a purpose required by law " (R. S. 1874, page 1,072, § 40, sub-clause 3); that the supervisor had no authority to incur expense in such litigation; that he had no direct authority from the town meeting prior to June 25, 1875; that though legal, if authorized by town meeting, the supervisor had no authority to contract, and his acts could not be ratified by the acts of approval and ratification of the town meetings of April, 1876 and 1877.

It will be seen that any town, city or village to or from

which it is proposed to remove a county seat, may be made, or on their petition may become parties to such suit either as complainant or defendant. R. S. 1874, page 319, § 82.

We are of the opinion that this act of the legislature fully authorized the town of Roanoke to become a party to the county seat litigation. The town did become party defendant to such litigation on its own motion. If such proceeding required any ratification, the special town meeting of June, 1875, by resolution expressly ratified it, ordering that no costs be paid up to that time. Afterwards, by like resolution in 1876, and 1877, all the costs and expenses were assumed by the town. The town of Roanoke having become a party to the suit, through the action of its proper officers, and such action having been ratified, the town would be liable for all legitimate expenses, and would especially be bound by the action of the circuit court in decreeing them to pay a portion of the costs. The court had jurisdiction of all the parties, and the subject matter of the litigation, and could make such order as regards costs as it might deem proper. The town, not having appealed from such decree, could not attack it in this collateral proceeding. Therefore, as to the $5,010, there could be no question as to the right and the duty of the auditing board to make out, and file the certificate ordering the levy of a tax to pay such decree.

The same would be true as regards Newell's judgment against the town. The town by statute above quoted having the right to be a party to the suit must necessarily have the right to defend it and to employ counsel, and pay all other necessary expenses, and the supervisor was the proper officer to act for the town in making the defense. Cooper v. Delavan, 61 Ill. 96. All his acts have been duly ratified and the bills ordered paid. McCulloch's attorney fee is unpaid and a portion of the other expenses. What portion remains unpaid we cannot tell from the record, a large portion having been already liquidated by the assessment and collection of taxes the previous year, 1876. We see no good reason why the tax levy of the year 1877 of $7.000 should not be collected. There appears to have been no fraud or collusion on the part of the officers in the allowance of these claims, or in employing the

attorneys and agents in defending the county seat suit, although fraud and collusion are charged in the bill.

A different question arises in regard to the item of levy of $1,500 for the payment of interest on orders past due. The statute no where gives a town the authority to pay interest. It gives the auditing board the right to audit accounts and to order warrants to be drawn on the treasury, but gives them no right to borrow money or pay interest for extension of time on sums of money due.

By the act approved April 14th, 1875, counties and towns were authorized to fund their indebtedness and to borrow money. The question and policy is left to a majority of the voters of the town. Sess. laws, 1875, p. 68. "The implication would be that prior to that time the town would not have that authority." County of Hardin v. McFarlan, 82 Ill. 138. School Directors have no legal right to issue time or interest bearing orders on the treasury. Newell v. School Directors, 68 Ill. 514.

The board of auditors had no legal authority to issue interest bearing orders, or to agree to pay interest on behalf of the town of Roanoke.

The Court below should have sustained the injunction, and have made it perpetual as to the assessment of $1,500.

The decree is reversed and the cause remanded.

Reversed and Remanded.