## TOWN OF KANKAKEE

### v.

## KANKAKEE & INDIANA R. R. CO.

OFFICER OF TOWN BRINGING SUIT—STATUTE.—The provisions of the statute (Ch. 139, § 3, par. 3 and 4), that the electors at the annual town meeting shall have power to provide for the institution, defense or disposition of suits at law or in equity in all controversies between the town and any other town, or any individual or corporation in which the town is interested, is a restriction on the right to bring suits, and no person or officer of the town can, without their authority, bring suit.

APPEAL from the Circuit Court of Kankakee county; the Hon. FRANKLIN BLADES, Judge, presiding. Opinion fil d August 7, 1885.

Mr. STEPHEN R. MOORE, for appellant; cited Cooper v. Town of Delavan, 61 Ill. 96.

Mr. THOMAS P. BONFIELD, for appellee; cited Fry v. Calhoun Co., 14 Ill. 132.

WELCH J. This was a bill filed in the name of appellant by Stephen R. Moore as solicitor. The bill states that the complainant is a municipal township. That under authority of law the township became a subscriber to the capital stock of the Kankakee and Indiana Railroad Company to the amount of $30,000 on November 1, 1871, and paid for the same by township bonds. That the total capital stock was $92,400. That Aroma township took $36,500 thereof and that the remaining $25,900 was never taken and paid for, but $900 thereof was taken by certain named individuals to hold and control the organization. That the road was built from Kankakee to St. Anne at a cost of $65,800. That it was built in November and December, 1871. That the ————— and Chicago Railroad Company was organized March 1, 1872, by act of the legislature, to build a railroad from St. Anne

eastward to Iroquois county. That there was an attempt to consolidate these two roads prior to 1873, and that it is claimed that they were consolidated, charges a fraudulent combination to cheat and defraud the complainant and prays for an accounting to be made, and that complainant's stock be awarded its proportionate share of the earnings. Sum_ mons issued and served July 24, 1884. On September 25, 1884, a motion was made by the defendant to dismiss the suit because it had been instituted by Stephen R. Moore by direction and authority of the supervisor of the town, and that neither Moore nor the supervisor nor any other person had any authority from the electors of the town of Kankakee to institute such suit. Motion supported by affidavit. On the hearing of the motion to dismiss, the affidavit of Solon Knight, the supervisor of the town, was read. He states that acting as he believed for the best interests of the town, he employed Stephen R. Moore for the town, to file the bill and reported to the board of town auditors all his acts and the acts of Stephen R. Moore in the premises, and that they were all approved by the board of town auditors. The motion to dismiss was sustained and the bill dismissed; from which order sustaining the motion and dismissing the bill this appeal is taken. Had the supervisor of the town of Kankakee the right to institute this suit without authority of the electors of the town? Whatever authority the supervisor has is given him by the statute. Section 3, article 11, chapter 139, "Township Organization," provides that "he shall prosecute in the name of his town, or otherwise as may be necessary, for all penalties or forfeitures given by law to such town, or for its use, and for which no other officer is specially directed to prosecute, except as may be otherwise directed by the town meeting." This is all the power given to the supervisor to bring suits, and it is limited to penalties and forfeitures except as may otherwise be directed by the town meeting. Under this section no power is conferred upon the supervisor to institute this suit. Section 4, Art. 13, Chap. 139, *supra*, provides for the auditing and examining of the accounts of the supervisor, overseers of the poor and the commissioners of

highways, for all moneys received or disbursed by them, and for auditing all claims against the town and the compensation of all town officers. No power is here given to the supervisor to bring suit nor to the board of auditors to authorize him to bring suit. Clause 4 of paragraph or subsection 3 of section 3 of chapter 139, *supra*, provides that " the electors present at the annual town meeting shall have power * * * to direct the raising of money by taxation for the following purposes: * * * for the prosecution or defense of suits by or against the town, or in which it is interested." Subsection 4 of section 3 of the same article and chapter is in the following language: " To provide for the institution, defense or disposition of suits at law or in equity, in all controversies between the town and any other town, or any individual or corporation, in which the town is interested." Under these provisions the electors of the town have the power at the annual town meeting to direct the raising of money by taxation for the prosecution of suits by and against the town, and to provide for the institution and defense or disposition of all suits.

We are referred to the case of Cooper et al. v. Town of· Delavan, 61 Ill. 96. In that case Cooper and Moss were employed by the supervisor of Delavan to bring a suit for an injunction to stay the collection of certain taxes. They sued the town for their fees. The town defended upon the ground that they were employed by the supervisor, and that he had no legal authority to do so. The town was held liable. That case was decided in 1871. Since then the statute has been changed. The section that provides that the electors at the annual town meeting shall have power to provide for the institution, defense or disposition of suits at law or in equity in all controversies between the town and any other town or any individual or corporation in which the town is interested, has been added to the statute, and was manifestly intended to be a restriction on the right to bring suits. The power being expressly given to the electors of the town to make provision for bringing suit, no person or officer of the town could, without their authority, bring suit. No authority hav-

ing been shown in this case from them, there was no error in dismissing the bill. Frye v. County of Calhoun, 14 Ill. 132.

Decree affirmed.