The Town of Kankakee

*v.*

The Kankakee and Indiana Railroad Company *et al.*

*Filed at Ottawa November 14, 1885.*

1.   Suit in the name of a town—*instituted without authority—dismissal for that cause.*   If a bill in chancery be brought in the name of a town without authority of the electors given at a town meeting, the court may properly dismiss the same on the motion of the defendants,—and this the court may do on its own motion, when its attention is called to the fact that the suit is being prosecuted without lawful authority.

2.   Same—*by whom such suit may be authorized.*   Under our system of township organization there is no officer or board representing the corporate authority of a town.   The electors alone represent it, and they can do so only through town meetings.   Therefore, neither the supervisor nor the board of town auditors can lawfully authorize a suit in chancery to be brought in the corporate name of their town, or any other action except in the cases named in the statute.

3.   Injunction—*to prevent invasion of the rights of a town—and at whose instance.*   It is probable that in extreme cases of threatened invasion or destruction of the property rights of a town, any tax-payer who might thereby be affected in the burden of taxation may prevent such wrong by injunction.

Appeal from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Kankakee county; the Hon. Franklin Blades, Judge, presiding.

A bill in chancery, in the name of the town of Kankakee as complainant, was filed in the office of the clerk of the circuit court of Kankakee county, against the Kankakee and Indiana Railroad Company and others.   The substance of the allegations were, that in 1871, the town of Kankakee took $30,000 in the capital stock of the Kankakee and Indiana Railroad Company, which subsequently built a road from Kankakee to St. Anne, in said county; that the Cincinnati, Lafayette and Chicago Railroad Company had built a road

from Lafayette to St. Anne, and in 1872 the two became consolidated, adopting the name of the last company as the name of their consolidated company; that this consolidated company operated this line from Kankakee to St. Anne and Lafayette, from 1872, for several years, when it turned it over to the Cincinnati, Indianapolis, St. Louis and Chicago Railroad Company, its successor, who have since operated it. The bill claims a large amount of tolls, freight, incomes and profits that have arisen from the operation of the road.   The bill claims that the consolidation of the two roads was illegal, and bases the illegality upon the charge that the town of Kankakee did not consent to the consolidation, and had no notice of the same.   The bill prays that the consolidation might be set aside, and the property restored to the Kankakee and Indiana Railroad Company, and that an account of the earnings, income and profits of the line from Kankakee to St. Anne may be taken, and the town's share thereof paid to it, and the stock of all stockholders but that of the towns of Kankakee and Aroma to be cancelled, on account of its being claimed to be fictitious.  ·Summons was issued and served upon the defendants, and at the return term, motion was made by one of the defendants to dismiss the bill for want of authority on the part of the solicitor filing the bill, to appear for and represent the complainant.   This was supported by an affidavit.   The counsel filing the bill then presented a counter-affidavit by the supervisor of the town of Kankakee, in which he states, that acting, as he believed, for the best interests of the town, he employed the solicitor by whom the bill was filed, to file the bill, and reported to the board of town auditors all of his acts and the acts of the solicitor in the premises, and they were all approved by such board, and the solicitor was directed by the board of town auditors to take further proceedings in the suit to protect complainant. The court dismissed the bill, and this appeal is from that judgment.

Mr. Stephen R. Moore, for the appellant.

Mr. Thomas P. Bonfield, for the appellees.

Mr. Justice Scholfield delivered the opinion of the Court:

The suit is one of importance, and its prosecution and defence, if conducted to a final hearing, must be attended with heavy expenses in attorneys' fees and in court costs.  It is therefore more than a matter of form to the tax-payers of the town that it shall only be commenced and prosecuted at their expense by lawful authority.  If the suit was commenced without authority, the action of the court in dismissing it was proper.  *Frye* v. *Calhoun County*, 14 Ill. 132.

Under our system of township organization there is no officer or board representing the corporate authority of the town.   The electors, only, represent it, and they, in doing so, must and do necessarily act through town meetings or town elections.  (*Williams* v. *Town of Roberts*, 88 Ill. 22.)   There can therefore be no implied authority in the supervisor or the town auditors to represent the town in its corporate capacity. If, in a given case, they or either are authorized to do so, it is by virtue of some statute, and that statute is the measure of their authority.

By section 2, article 4, chapter 139, of the Revised Statutes of 1874, every town has corporate capacity to sue and be sued; and by section 3 of the same article, the electors present at the annual town meeting have power to direct the raising of money by taxation for the prosecution or defence of suits by or against the town, or in which it is interested; and also to provide for the institution, defence or disposition of suits at law or in equity, in all controversies between the town and any other town, or any individual or corporation, in which the town is interested.   The only power, in this respect, given to the supervisor, will be found in section 3,

article 11, of the same chapter, and is this : "He shall prosecute, in the name of his town, or otherwise, as may be necessary, for all penalties or forfeitures given by law to such town or for its use, and for which no other officer is specially directed to prosecute, except as may be otherwise directed by the town meeting." It is not claimed, nor could it be, reasonably, by counsel, that this section meets the case. Nor does counsel claim the existence of any other section conferring the specific power upon the supervisor, or upon the town auditors, essential to the commencement and prosecution of this suit. No provision of the statute authorizes the town auditors, individually or collectively, to cause such suits to be commenced or prosecuted. As a board their functions are limited to examining and auditing the accounts of the supervisor, overseer of the poor and overseer of the highways of such town, and all charges and claims against their town, and the compensation of town officers, etc. Rev. Stat. sec. 4, art. 13, *ut supra.*

*Cooper* v. *Town of Delavan*, 61 Ill. 96, was decided under a provision of the statute, which was not retained in the revision of 1874, to the effect that whenever any suit or proceedings shall be commenced against the town, it shall be the duty of the supervisor to attend to the defence thereof, and to lay before the electors of the town, at the first town meeting, a full statement of such suit or proceedings for their direction as to the defence thereof. Even if that provision had been retained, it would be no authority for the commencement of a suit like the present. Had the legislature so intended, it would have been just as easy as it was to say what was therein said, to have added, "the supervisor shall have power to cause suits to be commenced and prosecuted." And because they said the one and omitted the other, we are to assume, necessarily, that they intended the one and not the other. It is purely a legislative question whether one officer rather than another, or whether any particular person

besides the town electors, shall be empowered to cause suits in behalf of the town to be commenced and prosecuted; and the able and ingenious argument of counsel in behalf of vesting that power in the supervisor should therefore be addressed to the legislature rather than to the court. It is quite probable that in the extreme cases he puts, of the threatened destruction or invasion of the property of the town, any taxpayer who would thereby be affected in the burden of taxation might, on the authority of *Colton et al.* v. *Hanchett et al.* 13 Ill. 615, and subsequent cases decided on like principle, have an injunction to stay the threatened destruction or invasion. But that is impertinent to the case before us. We are powerless to legislate on this question,—we must enforce the statutes the General Assembly have seen fit to enact. We can not supplement other remedies and other methods of protecting and enforcing the rights of the town.

Counsel make the point that the court erred in dismissing the case, even conceding that the suit was commenced without lawful authority, because the motion was only made by one of the defendants,—that the order of dismissal should have been only as to the party making the motion. This is not tenable. The court would, of its volition, without any motion, have dismissed the suit at any time when its attention was called to the fact that it was being prosecuted without lawful authority.

The judgment is affirmed.

*Judgment affirmed.*