## Town of Big Grove v. Town of Fox.

1. PAUPERS—*Conditions Entitling Persons to Aid as Such.*—A man and his wife were each over seventy years old. He had no work if he had been able to do it. They were very scantily and poorly clothed, had very little provisions and no income; they had two cows which had ceased giving milk, and therefore furnished no support at the time. It was mid-winter and the weather was cold. The supervisor's attention was called to their condition by three persons, and he then visited them and inquired into their circumstances before he acted. *Held*, that the special verdict of the jury that they were paupers should not be disturbed. It was not necessary that they should have sold their cows, which would aid them to a living the following summer, and eaten the last morsel of food, and reached the point of starvation, before the supervisor was required to aid them.

2. PRACTICE—*Where Authority of Attorneys to Bring Suit is Questioned.*—Where in a suit by a town, the defendant wishes to question the authority of the attorneys to bring the suit, or wishes to show that some particular officer of the town caused the suit to be instituted without the

authority of the electors, he should interpose a motion to dismiss the suit before filing a plea.

3. APPELLATE COURT PRACTICE—*Questions Coming Too Late.*—The question as to whether the electors authorized a suit to be brought by the town, can not be raised for the first time in an appellate tribunal.

4. SAME—*Points Relied Upon for Reversal Must be Made in the Opening Argument.*—Points relied upon for reversal must be made in the opening argument of plaintiff in error or appellant, thus giving opposing counsel an opportunity to be heard upon them. They can not be raised in an appellate court by a mere reply brief and argument.

**Assumpsit,** to recover for aid to paupers. Appeal from the Circuit Court of Kendall County; the Hon. GEORGE W. BROWN, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed February 1, 1900. Rehearing denied. Opinion modified and refiled April 11, 1900.

CHAS. WHEATON and N. P. BARNARD, attorneys for appellant.

ALDRICH & WORCESTER and JOHN FITZGERALD, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

The supervisor of the town of Fox gave aid to Sampson Boyd and family, who had lived in Fox less than one year, and who theretofore had a settlement in the town of Big Grove. He gave a notice to the supervisor of Big Grove, the sufficiency of which is not here questioned. The supervisor of Big Grove took no action. The supervisor of Fox then removed Boyd and family to Big Grove, and sent bills for the aid furnished to the proper officers of Big Grove, who disallowed them. The town of Fox then brought this suit against the town of Big Grove for the sum so expended in aid of Boyd and family. A declaration was filed, and a plea of the general issue. At the trial the jury found for plaintiff in the sum of $18.40, and also returned a special verdict, that at the time the aid was furnished the family of Boyd were paupers. Judgment was entered on the verdict and defendant appeals. It was stipulated at the trial that the county of Kendall supports its paupers by townships, each town supporting its own.

1.   The evidence was perhaps slightly conflicting on the question whether the condition of Boyd and his family was such as to entitle them to aid as paupers. Boyd and his wife were each over seventy years old. Boyd had a severe rupture. He did light work in the summer, but in January, when this aid was furnished, he was unable to work, and had no work if he had been able. They had one son, an adult, who was ill of consumption, but was able to do some light work in summer. The family were very scantily and poorly clothed, had very little provisions and no income. They had a little money in the house, of which they did not inform the supervisor. They had two cows which had ceased giving milk, and therefore furnished no support at that time. It was mid-winter, and the weather was cold. The supervisor's attention was called to their condition by three persons, and he then visited them and inquired into their circumstances before he acted. We do not think the special verdict of the jury, that they were paupers, should be disturbed. We do not think it was necessary that they should have sold their cows, which would aid them to a living the following summer, and eaten the last morsel of food, and reached the point of starvation, before the supervisor was required to aid them. The aid furnished was suitable, and was reasonably necessary in view of the condition and circumstances of the family at that time.

2.   It is claimed they did not ask the supervisor for aid. Upon the point, whether they asked aid when the supervisor first visited them, there is a conflict of testimony. But it is clear that before aid was furnished the supervisor met Boyd riding with Nels Oleson, and that aid was then asked of the supervisor. The supervisor testified that Boyd then asked him for aid. Oleson testified that it was he who asked the supervisor to aid Boyd, but that he did it because when they saw the supervisor approaching, Boyd asked him to make the request. Boyd testified he did not then ask the supervisor for aid, but he did not deny asking Oleson to make that request of the supervisor.

3.   It is argued that it is neither averred nor proved that

the electors of the town of Fox, in town meeting assembled, authorized this suit. It was not necessary to aver in the declaration nor prove at the trial that the suit had been so authorized. The object of a declaration is to state the facts which make defendant legally liable to plaintiff. The legal liability of the town of Big Grove to refund to the town of Fox the amount expended in aid of the paupers, did not at all depend upon the question whether the electors of the town of Fox had directed the institution of the suit. All the facts, which were necessary to create such legal liability, were averred in the declaration. If defendant wished to question the authority of the attorneys to bring the suit, or wished to show that some particular officer of the town had caused the suit to be instituted without the authority of the electors, it should have interposed a motion to dismiss the suit, before filing a plea, as was done in Town of Kankakee v. The Kankakee & I. R. R. Co., 16 Ill. App. 542, 115 Ill. 88, and Frye v. County of Calhoun, 14 Ill. 132. Upon that motion each side could have offered proofs as to whether such authority was in fact given. This course was not pursued, and there is nothing in this record to show that the electors did not authorize the suit. The question can not first be raised in an appellate tribunal. Sanderson v. Town of La Salle, 117 Ill. 171.

4. In its reply brief appellant argues, that as the proof did not show that these bills had been audited and allowed by the proper officers of the town of Fox, therefore the judgment can not be sustained. This point was not raised in appellant's original brief. True, appellant did say in its original brief that the evidence did not make a case for plaintiff, but the defect there pointed out and argued was that the proof did not warrant the conclusion that Boyd and his family were paupers. No suggestion was then made that the proof did not show that the bills had been audited and allowed by the town, and that such proof was necessary. The course pursued deprives appellee of its right to be heard upon that question, and deprives this court of the aid of the suggestions appellee might be able to make.

Upon this subject the Supreme Court, in Miller's Fire Ins. Co. v. The People, 170 Ill. 474, said:

"The practice of presenting cases in this manner can not be tolerated. Points relied upon for reversal must be made in the original argument of appellants or plaintiffs in error, thus giving opposing counsel an opportunity to be heard upon them, and can not be raised in an appellate court by a mere reply brief and argument. This is so manifest that no argument is needed in support of the proposition." West Chicago Park Comrs. v. Chicago, 170 Ill. 618; Inter-State B. & L. Association v. Ayres, 71 Ill. App. 529.

The same principle disposes of several other supposed defects presented only in the reply brief. The judgment is affirmed.