# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FIRST DISTRICT—OCTOBER TERM, 1899.

## James Bell v. Charles B. Farwell.

1. ATTORNEYS AT LAW—*Not to Commence Suits in the Name of Others Without Authority.*—The law does not permit an attorney to commence a suit in the name of another party without first receiving authority for that purpose.

2. PRACTICE—*When Suits are Commenced Without Authority.*—A court should of its own volition, and without any motion, dismiss a suit at any time when its attention is called to the fact that such suit is being prosecuted without proper authority.

3. PARTIES—*Names of Equitable Owners or Usees, etc.*—It is not necessary for the name of the equitable owner or the person for whose use a suit is brought to appear in the record, and if it does so appear its only use is to protect the interest of the usee against the nominal plaintiff.

4. ESTOPPEL—*Is Not Created by Signing an Appeal Bond.*—The mere fact that a party signs an appeal bond, is not sufficient to overcome his positive statement under oath that he has not in any manner authorized or approved the commencement or prosecution of the suit.

Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed June 19, 1900.

CRATTY, JARVIS & CLEVELAND, attorneys for appellant.

TENNEY, McCONNELL, COFFEEN & HARDING, attorneys for appellee.

(638)

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

February 26, 1890, appellant recovered a judgment in the District Court of Dickinson County, Kansas, against the Abilene Central Land Co., a Kansas corporation. July 14, 1892, this suit in assumpsit was commenced in the name of appellant v. appellee. It is averred in the declaration that said judgment is in full force; that appellee is a stockholder in said land company, and that under the laws of Kansas, appellant has a right to recover from appellee an amount equal to the amount of stock in said corporation owned by appellee. Appellee says that between May 15 and 23, 1899, he, for the first time, discovered that this suit was being prosecuted without authority from appellant. In the meantime, the case has been to the Supreme Court upon questions raised by a demurrer to the declaration. (176 Ill. 489.) June 3, 1899, appellee moved to dismiss this suit for the reason that the attorneys for appellant had no authority to prosecute the same. This motion is based upon an affidavit made by the appellant, wherein he swears that he had no knowledge whatever of this suit or that it had been brought in his name; that "it is instituted and being prosecuted without his knowledge or consent;" that he has not paid any expenses for prosecuting it, or been called upon to do so; that he has no claim against appellee "of any character whatever; and that appellee is not indebted to him in any sum whatever."

In opposition to said motion appellant showed the recovery of said judgment and an assignment thereof by appellant to "The Western Investment Loan and Trust Company," wherein appellant authorized said loan and trust company to use his name in "all lawful ways" to recover the money due upon said judgment.

No usee is named in the declaration filed in said cause, neither is there any averment showing that any person other than appellant has any interest in the prosecution of this suit.

Said motion to dismiss was sustained by the court below,

and an order thereupon entered dismissing the suit. To reverse that judgment this appeal is prosecuted.

The law does not permit an attorney to commence a suit in the name of another party without first receiving authority for that purpose. In this country a formal warrant of attorney in writing is not required as it is by the English practice. But it is as necessary here as it is in England that an attorney be actually employed and authorized to appear for a party. (Frye v. County of Calhoun, 14 Ill. 132.) And a court should of its own volition, and without any motion, dismiss a suit at any time when its attention is called to the fact that such suit is being prosecuted without proper authority. Town of Kankakee v. K. & I. R. R. Co., 115 Ill. 88, 92.

The affidavit of appellant was *prima facie* sufficient to require the court to dismiss the case for want of authority in the attorneys to prosecute the same. The question then arises whether a sufficient answer was presented by the attorneys for appellant. The only fact presented tending to meet that question is that appellant had assigned said judgment and all interest therein to said loan and trust company. But that is not sufficient. To show that some other party may be authorized to prosecute a suit in the name of appellant is not a showing of authority for the attorneys in this case so to do. It does not appear that said loan and trust company is prosecuting this suit, or that it has any interest in the same, or that it has in any manner authorized the commencement or prosecution of this suit by any one. If it had, if the attorneys for appellant were authorized to appear for that company, it was a very easy matter to have said so.

Suppose said motion had been overruled and the case had proceeded to a trial on the merits, resulting in a verdict in favor of appellee. He would then have been entitled to a judgment in his favor for the costs of suit. (Hurd's Stat., Ch. 33, Sec. 19.) But against whom could such a judgment have been entered? Certainly not against appellant, for he was not interested in the suit, and had not authorized

its commencement or prosecution. Appellee should not be required to defend this suit when there is no one willing to father it and assume the responsibility incident to its further prosecution.

Counsel for appellant urge and quote from Union Nat. Bk. v. Barth, 74 Ill. App. 386-7 :

"It is not necessary that the name of the equitable owner, or person for whose benefit a suit is brought, shall appear in the record, and if it does so appear, its only use is to protect the interest of the usee against the nominal plaintiff."

That is no doubt a correct statement of the law where it is applicable to the facts before the court. But if no usee is named and the defendant in a suit has no notice that any other party has an interest in the suit or the subject-matter of the suit, he may settle with the plaintiff and such settlement, if good as against the plaintiff, will be valid also as against such other interested party. Upon the same principle, where no usee is named, any defense may be made which is valid and good as against the plaintiff. In this case appellee presents his motion, which is conclusive as against the plaintiff. There being no usee, it is just as legitimate and binding as any other valid defense.

We do not deem it necessary to discuss at length the numerous points presented by the elaborate argument filed by counsel. Under the facts as they appear in this record we do not think the motion comes too late. It was made within a few days after appellee discovered the facts upon which it was based.

It is also contended that by signing an appeal bond appellant has ratified the act of attorneys in commencing and prosecuting this suit in his name. No one appears and claims anything in the case except appellant. True, appellant has assigned said judgment. But the assignee does not claim any interest. Neither is it shown that the attorneys appearing for appellant represent such assignee. Nor do said attorneys even in their brief claim to represent the assignee. The mere fact that appellant has signed the

appeal bond is not sufficient to overcome his positive statement under oath that he has not in any manner authorized or approved the commencement or prosecution of this suit, and that he has no claim whatever of any kind against appellee.

If there be any party having an actual and substantial interest in the prosecution of this suit it would have been an easy matter to have shown that fact. The authority of the attorneys for plaintiffs below to appear and prosecute this suit was properly questioned. It is not shown that they have any authority from anybody to thus appear. We think the action of the court below in sustaining the motion to dismiss was correct.

The judgment of the Superior Court is affirmed.