## Warden Coal Washing Co. v. Robert Meyer et al.

1. CONTRACTS—*When Not to be Considered as Unilateral.*—The court holds that the contract under consideration in this case, consummated by correspondence and contained in the statement, is not unilateral.

2. SAME—*Doubtful Expressions to be Construed in the Light of Surrounding Circumstances.*—Contracts are to be construed in the light of the circumstances surrounding the parties and of the objects which they evidently had in view. The objects which both parties had in view at the time of making the contract, may be referred to for the purpose of determining the meaning of doubtful expressions.

3. APPELLATE COURT PRACTICE—*New Points Not to be Raised in the*

*Reply Brief.*—The Appellate Court will not consider points raised for the first time in the reply brief.

**Action on Appeal from a Justice of the Peace.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1901. Affirmed. Opinion filed December 23, 1901.

**Statement by the Court.**—Appellant brought suit in a justice court, where judgment was rendered for defendants, the appellees, and it appealed to the Circuit Court, where, on a trial without a jury, there was a finding for the defendants and judgment thereon, from which this appeal is taken.

This cause was tried upon the following stipulation of facts, to wit:

That during the months of March and April, A. D. 1900, the plaintiff delivered to the defendants coal of the value of $124.90, for which the plaintiff has received no pay. That by virtue of two certain letters, one dated September 7, 1899, from plaintiff to defendants, and the other dated September 5, 1899, from defendants to plaintiff, (copies of which letters are hereto attached marked exhibits " A " and " B " respectively, and made a part hereof), the defendants claim to have an offset against plaintiff by reason, as claimed by defendants, of plaintiff's not having lived up to its undertaking in said letter of September 7th, to furnish defendants with coal. And it is conceded that defendants ordered between September 15, 1899, and May 1, 1900, coal which the plaintiff failed to deliver, whereby and by reason of said failure said defendants were obliged to and did buy coal from other parties than the plaintiffs between September 15, 1899, and May 1, 1900, for which they, defendants, paid $124.90 more than the price which plaintiff quoted in said letter of September 7, 1899.

Exhibits " A " and " B " above referred to are as follows:.

EXHIBIT A.

." CHICAGO, Sept. 7, 1899.

JACOB MEYER & Co., Franklin St., Chicago.

GENTLEMEN: Confirming conversation you had with our

Mr. Green yesterday, whereby he made you the following prices on our Carterville washed coal:

No. 1 at $2.10.

No. 2 at $1.95.

Prices to remain same, with the understanding that you give us your trade until May 1, 1900, quality of coal to average as good as sample delivered.

Yours truly,
WARDEN COAL WASHING CO."

EXHIBIT B.

"CHICAGO, ILL., 9–15, 1899.

THE WARDEN COAL WASHING CO., City.

DEAR SIRS: We have your favor of the 7th inst., and note contents as correct and accept contract herewith.

Yours truly,
JACOB MEYER & BROS."

SIDNEY B. SMITH and MAURICE H. NUGENT, attorneys for appellant.

BULKLEY, GRAY & MORE, attorneys for appellees.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

The suit was to recover for coal delivered by appellant to appellees during March and April, 1900. For appellant it is claimed that the letters, exhibits "A" and "B," copied in the statement, can not be considered a contract between appellant and appellees because it is unilateral, and too uncertain and indefinite to constitute a valid contract.

Many cases cited by appellant's counsel in jurisdictions outside of Illinois seem to support their contentions in the respect claimed, but we are of opinion that the case of Minnesota Lumber Co. v. Whitebreast Coal Co., 160 Ill. 85, is conclusive against the contentions of appellant. The contract there under consideration was to buy appellant's "requirements of anthracite coal for season of 1886–1887 of said Whitebreast Coal Co., which is to furnish the same as ordered," at prices named and upon conditions not questioned in the case. It was claimed that the contract was void for uncertainty and for want of mutuality. The contention was overruled, and the court say:

" Contracts should be construed in the light of the circumstances surrounding the parties, and of the objects which they evidently had in view.   The circumstances which both parties had in view at the time of making the contract, may be referred to for the purpose of determining the meaning of doubtful expressions.   Courts will seek to discover and give effect to the intention of the parties, so that performance of the contract may be enforced according to the sense in which they mutually understood it at the time it was made; and greater regard is to be had to their clear intent than to any particular words which they may have used to express it."

The court held that the word "requirements" evidently meant the amount or quantity of coal which appellant would need in its business for the specified season, and that the appellees agreed to furnish that amount of coal as it should be ordered by the appellant during that season.  So here it is reasonable to presume, as was said by the court in the above case, that the parties here dealing with one another were practical business men.   They were no doubt familiar with each other's business, and appellant knew with reasonable certainty what the trade of appellees was. Appellant's letter shows that its Mr. Green had a conversation with appellees and the correspondence was an outcome of that conversation.   We think, in the light of the decision cited, *supra*, the contract as it appears from the correspondence is in substance that appellant proposed to appellees to furnish them Carterville washed coal, No. 1 at $2.10, and No. 2 at $1.95 per ton, in sufficient amount to supply appellees' trade to May 1, 1900, and that appellees agreed to take that kind of coal at the prices named to the extent of their trade until May 1, 1900.   We think appellant, by its undertaking, was bound to furnish to appellees the amount of coal their trade required, but no more, at the prices named, and appellees were bound to take the same at said prices.   It appears that appellees, between September 15, 1899, the date when the proposition of appellant was accepted by them, and May 1, 1900, ordered coal of appellant, which it failed to deliver, and that by reason thereof appellees were obliged to and did buy other coal between

said dates, for which they paid $124.90 more than the prices which appellant proposed to furnish it to them for. We think these facts present a complete defense by way of recoupment to appellant's claim. See also the following cases upon similar contracts: Nat'l Fur Co. v. Keystone Mfg. Co., 110 Ill. 427; Cooper v. Lansing Wheel Co., 54 N. W. Rep. (Mich.), 39; Wells v. Alexandre, 130 N. Y. 642; Crane v. Crane, 105 Fed. Rep. 869; Smith v. Preston, 82 Ill. App. 285–93.

The contention of appellant, for the first time made in its reply brief, that the stipulation of facts does not show that appellees ordered from appellant Carterville washed coal, comes too late. It has been frequently decided by the Supreme Court that it will not consider points raised for the first time by the reply brief. Indiana, etc., Co. v. People, 170 Ill. 474; Town of Big Grove v. Town of Fox, 89 Ill. App. 84, and cases cited.

Even if the point were properly before us for consideration, we think it without merit. No such claim appears to have been made in the trial court, and it is evident that only Carterville washed coal was in the contemplation of the parties, and no doubt that was the coal ordered by appellees.

The judgment is therefore affirmed.