## Rock Island County v. August H. Arp.

### Gen. No. 4,444.

1. MEDICAL AID—*when county liable for.* A county is liable for medical aid furnished to a pauper where the supervisor where such pauper resided directed the giving of such aid, notwithstanding such pauper was sick in another township and the rules of the county board placed the jurisdiction and the duty to furnish such aid with the township officials where the sickness was.

2. MEDICAL AID—*when action of supervisor binds county for.* A supervisor may bind a county for medical aid furnished a pauper by his directions without waiting for the relatives of such pauper to furnish such aid.

Action of assumpsit. Appeal from the Circuit Court of Rock Island County; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed March 8, 1905.

HAROLD A. WELD, State's Attorney, for appellant.

WILLIAM A. MEESE and G. A. SHALLBERG, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

In the county of Rock Island the duty of providing for the poor rests upon the county. George B. Henry was a resident of Hampton township in said county, and became ill and needed medical attendance. He made application to the supervisor and overseer of the poor for county aid. The supervisor made an investigation and determined that county aid should be rendered him, and authorized Dr. August H. Arp to give him medical treatment. Henry had a home and family in Hampton township, but, before the supervisor gave this direction to Dr. Arp, Henry had been removed to the residence of his mother in South Moline township, in said county, where Dr. Arp treated him. Afterwards it was determined that a surgical operation was necessary to be performed upon him, and the supervisor of Hampton then authorized Dr. Arp to perform that service for Henry at the county's expense. Dr. Arp caused the patient to be removed to the hospital in Mo-

line, where he treated him and performed a surgical operation upon him. During this period Henry's wife, also a resident of Hampton, who was ill, required a surgical operation. The supervisor of Hampton directed Dr. Arp to render her medical aid and perform that operation at the county's expense. Dr. Arp caused her to be removed to the Moline hospital, where the operation was performed. Both Mr. and Mrs. Henry have since died. This is a suit by Dr. Arp against the county to recover compensation for those services. Upon a jury trial he had a verdict and a judgment for $347, from which judgment the county appeals.

Shortly before these services began the committee of the board of supervisors of Rock Island County upon the poor submitted to the board the following report, which upon motion was received and adopted: "We would recommend that the overseers of the poor of the townships of Rock Island, Moline, South Rock Island and South Moline call the poor doctors of Rock Island and Moline to attend county patients in their respective townships, and further that all county patients sent to the hospitals must be on order from the regularly appointed poor doctors and attended by them while in the hospital." Afterwards, and while Dr. Arp was performing the services for which he brings this suit, a resolution was adopted by the board amending said report by striking out of said recommendation of the poor committee the words, "and attended by them while in the hospital," and adding the words "that no one but the regularly appointed poor doctor shall receive any fee for attending such patients." It is argued that because Henry was in South Moline at the time Dr. Arp was directed by the supervisor of Hampton to render medical aid to Henry, therefore Henry was subject to this rule, and the poor doctor of Moline should have been called, and that the supervisor of Hampton had no power to create any liability against the county by calling some other physician. Henry's wife was ill at their home in Hampton, and Henry had been removed to his mother's house in

South Moline in order that his mother and sisters might help care for him. In our judgment he still remained a resident of the town of Hampton and subject to the action of the supervisor of that town. If the duty of providing for the poor had rested upon the various towns of Rock Island County, and while Henry was at his mother's home in South Moline the supervisor of the latter town had found it necessary to furnish this aid, the town of South Moline would have been able to hold the town of Hampton for the expense necessarily incurred in rendering such assistance. Town of Big Grove v. Town of Fox, 89 Ill. App. 84. The fact that Henry's illness required or made desirable his removal to the home of his mother in South Moline for care and treatment did not deprive the supervisor of the town of Hampton of jurisdiction. County of LaSalle v. Hatheway, 78 Ill. App. 95. We are, therefore, of opinion that the county is not relieved from responsibility for the medical services rendered under the direction of the supervisor of Hampton because of the fact that Henry was temporarily in South Moline.

It is urged Henry was not a pauper. Section 24 of chapter 107 of the Revised Statutes of 1874, entitled "Paupers," requires the public authorities to render such assistance as they deem necessary and proper to persons not coming within the definition of a pauper who fall sick and do not have money or property to pay their board, nursing and medical aid. Henry had a home worth $600. There was upon it a mortgage of between $400 and $500. He had a small quantity of household furniture. He had no money, and no means of meeting these expenses. He had a wife and children living in the house. Under the rules laid down in County of LaSalle v. Hatheway, *supra*, and Town of Big Grove v. Town of Fox, *supra*, we are of opinion the supervisor was authorized to act and that his action bound the county. Henry's relatives had some property, and it is argued the court should have permitted proof of their ability to support and provide for him. We are of opinion that the supervisor was not required to wait for the relatives

to act, under the principles laid down in Town of Kankakee v. McGrew, 178 Ill. 74.

The court gave an instruction for plaintiff which submitted to the jury the reasonableness of the rule adopted by the county board. If this instruction should not have been given, yet its effect was obviated by another instruction given for plaintiff, which told the jury that said rule was applicable only to Rock Island and Moline and South Rock Island and South Moline, and that if Henry and his wife were residents of Hampton when they were sick and while they were being treated by the plaintiff, and if the treatment and medical services for which this action was brought were authorized by the overseer of the poor of Hampton, then the regulations of the county board had no application to this case. If that instruction was properly given, then the instruction submitting the reasonableness of the rule to the jury was harmless. It is manifest that the first part of this rule only refers to the poor who come within the jurisdiction of the overseers of the poor of the four townships named, because there commendation is to the overseers of the poor of those four townships. As we are of opinion, for the reasons already stated, that Henry and his wife were within the jurisdiction of the overseer of Hampton, manifestly the first part of this rule cannot apply. The true meaning of the latter part of the rule that "all county patients sent to the hospitals must be on order from the regularly appointed poor doctors," is not so clear. Other proceedings of the county board in evidence showed that the persons referred to as the poor doctors of Moline and Rock Island were elected as "physicians for the poor of Moline and Rock Island." If persons living outside of those four towns in the remoter parts of the county became a county charge, and it was the opinion of the supervisor of the town where they lived, that they needed to be removed to a hospital for an operation, there was no provision requiring the "physician for the poor of Moline and Rock Island" to travel to such part of the county and ascertain whether such person should be sent

to a hospital. We, therefore, conclude that the latter portion of this order refers to county patients in Rock Island, Moline, South Rock Island and South Moline, being such patients as were within the jurisdiction of the regularly appointed poor doctors of Rock Island and Moline and whom those doctors were required to attend; or if that is not its meaning, then it also would include and require the order of the regularly appointed poor doctor of the town where the patient lived, if such town had a regularly appointed poor doctor; and there is no claim that Hampton had such poor doctor. Moreover, the proof is undisputed that it cost less to perform these operations and attend these patients thereafter in the hospital at Moline than it would have cost to care properly for them in their own home at Hampton. We, therefore, conclude that the court did not err in giving this instruction.

We find no reversible error in the record, and the judgment is therefore affirmed.

*Affirmed.*