Commissioners of Highways of Town of Scott et al.,
Appellees, v. Commissioners of Highways of Town
of Sangamon, Appellants.

1. MANDAMUS—*when question as to proper party to institute, waived.* By failing to abide by a demurrer interposed, the defendants in a petition for *mandamus* thereby waive the question as to the propriety of the institution of the action by the party appearing as petitioner.

2. MANDAMUS—*what not defense to proceedings to compel payment of damages awarded upon laying out of road.* In such a proceeding the regularity of the proceedings under which damages accruing to the several owners by reason of laying out the road, were assessed, cannot be questioned.

3. MANDAMUS—*when answer properly stricken.* An answer filed by an individual commissioner appointed after the official answer of the commissioners has been interposed, is properly stricken from the files, as the proceeding is against the official body and not against the individuals composing that body.

4. PLEADING—*when demurrer will not be carried back.* A demurrer will not be carried back to the pleading of the adverse party to which a demurrer has already been overruled.

5. DAMAGES—*how may be assessed upon laying out of road.* Upon laying out a road damages to several owners of a single tract of land may properly be assessed in gross, if the several owners so agree and request.

Mandamus. Appeal from the Circuit Court of Piatt county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed June 11, 1908.

HERRICK & HERRICK and REED & REED, for appellants.

RAY & DOBBINS and A. C. EDIE, for appellees.

PER CURIAM. This is a proceeding in *mandamus* instituted by the Commissioners of Highways of Scott and Mahomet townships in the county of Champaign, in the name of said towns, to compel the commissioners of highways of Sangamon township in Piatt county, in the event that they have funds on hand out of which to pay certain damages allowed for the laying out of a highway, to pay the same, and in the event that they have not sufficient funds on hand, to pay said damages, to draw orders therefor upon their treasurer, payable only out of the taxes to be levied for such road, and to proceed with all due diligence to do all acts and things necessary and lawful to be done for the speedy opening of said road for public travel. Upon a hearing before the court without a jury a peremptory writ of *mandamus* was awarded in accordance with the prayer of the petition and this appeal followed.

The petition alleges that on September 17, 1906, the commissioners of highways of the towns of Scott and Mahomet in Champaign county and of the town of Sangamon in Piatt county, acting as a joint board, entered an order laying out a public highway along the boundary line between said towns, which order, containing all necessary recitals, including the settlement and assessment of damages for land to be taken, is set

forth in full. The petition further alleges that on September 29, 1906, said joint board of commissioners divided the expenses and damages incident to establishing said highway, equally between said towns, one-third to each, and that an agreement to that effect was signed by all of the commissioners of said towns except Hiram Artman, commissioner of the town of Sangamon, who refused to sign the same; that a written agreement was then entered into allotting to each of said towns the part of said road each should open and keep in repair, which agreement was signed by all of said commissioners, except said Artman; that on October 20, 1906, said joint board of commissioners divided the total amount of damages allowed to the several landowners into three groups of equal amount, one of said groups to be paid by each town, and passed a resolution requiring the several boards of commissioners to draw orders on their treasurer for one-third of said damages so allowed, payable out of the tax to be levied for such road, and that said Artman and A. J. Pike, commissioners of said town of Sangamon voted against said resolution; that J. C. Furnish, one of the commissioners of said town of Sangamon, was ready and willing to draw said orders and petitioners demanded of said Artman and Pike that they join with said Furnish in drawing orders in accordance with said resolution but that they refused and still refuse so to do; that prior to the date of said order laying out said road, the commissioners of the town of Sangamon had made their tax levy, but did not include therein any sum for damages allowed on account of the laying out of said highway, and that upon the filing of said order laying out said road a contingency arose whereby it became the duty of said commissioners to make an additional levy of not to exceed 40 cents on the $100 and that said commissioners failed to perform their duty in that regard; that said commissioners of the town of Sangamon claim that there are not sufficient funds on hand to pay said damages; that said commissioners for the

last four years preceding 1906, in each year, levied $700 for laying out, widening, altering or vacating roads and for ditching and draining roads; that only $1,000 of the $2,800 so raised has been used by said commissioners for the purposes for which the same was levied, and that they have placed the unexpended balance of said funds in the general fund.

To this petition, the respondents, Artman and Pike, filed their answer in which they deny the allegations of the petition and the truth of the recitals in the order laying out the said road, and allege that in the matter of condemning the right of way of said road over the lands belonging to the heirs of Alvin Caldwell, Sr., deceased, there were fatal irregularities in this, that the conservator of Alvin Caldwell, Jr., a lunatic, who had a life estate in a portion of said lands, had not been served with process of summons, and that said conservator had signed an agreement without authority of law whereby the damages accruing to the said Alvin Caldwell, Jr., and to Grace and Laura Caldwell, the owners of the fee, and to Mary Caldwell, a doweress, were assessed jointly. To this answer the petitioners filed their replication averring service of summons upon the conservator of the lunatic, the entering of a judgment by the justice of the peace, the appeal of the joint board of commissioners from said judgment to the Circuit Court of Piatt county, the entry of judgment in said Circuit Court, and that no appeal had been prayed therefrom, nor any direct proceeding instituted attacking said judgment.

Thereafter, at the next term of the Circuit Court the respondent Pike filed his plea averring that since the last adjournment of said court his term of office as commissioner had expired by law, and that one Harry Clark had been duly elected and qualified as his successor. A demurrer to this plea interposed by petitioner was sustained by the court, and leave was given to make said Clark a party defendant. Clark thereafter filed his answer denying the allegations of the petition

and alleging that the suit could not be maintained by petitioners; that the petition did not disclose to whom the orders to be issued should be given, nor the several amounts thereof; and that the suit was not authorized by the electors of the towns of Scott and Mahomet. The answer of Clark was on motion of petitioners stricken from the files.

A demurrer interposed by respondent Artman to the replication was on motion of petitioners carried back to certain portions of the answer filed by respondents and sustained thereto, but was overruled as to the replication, and thereupon respondents elected to abide by their answer and by their demurrer to the replication. Upon the hearing then had before the court a peremptory writ of *mandamus* was awarded as heretofore stated.

It is first urged on behalf of appellants that the proceedings should have been instituted in the name of the People upon the relation of some person and not in the name of the towns of Scott and Mahomet. As appellants failed to abide by their demurrer to the petition, but answered the same, they must be held to have waived the question. Appellants, evidently anticipating that their action in that regard might be deemed a waiver, insist that their demurrer to the replication should have been carried back to the petition. It is a general rule of pleading that a demurrer will be carried back and sustained to the first faulty pleading in the line of the pleading demurred to, but one of the exceptions to this rule is that a demurrer will not be carried back to a pleading of the adverse party to which a demurrer had already been overruled. Shearns v. Cope, 109 Ill. 340. In City of Chicago v. The People, 210 Ill. 84, which was a proceeding in *mandamus,* the respondents answered the petition after their demurrer thereto had been overruled. The relator replied to the answer and respondents demurred to the replications. It was held that the demurrer to the replications could not be carried beyond

the answer. Appellants having answered the petition after demurrer thereto was overruled, precluded the demurrer to the replication from being carried back to the petition.

There is nothing in the record to show that this suit was instituted without the authority of the electors of the towns of Scott and Mahomet, if such authority was necessary, and the question is, therefore, not properly presented for our consideration and determination. Town of Big Grove v. Town of Fox, 89 Ill. App. 84.

Alvin Caldwell, Jr., a lunatic, who had a life estate in a portion of the lands taken for right of way for the road in question, having died before the petition for *mandamus* was filed, the questions involving his interest therein and the authority of his conservator to enter into an agreement that the damages accruing to the several owners might be assessed jointly, have become purely academic and are not necessary to be determined.

Some of the questions raised by appellants involve the regularity of the proceedings under which damages accruing to the several owners by reason of laying out the road were assessed. These proceedings cannot be attacked collaterally in this suit. The respondents as commissioners of the town of Sangamon, together with the commissioners of Scott and Mahomet townships, acted jointly in prosecuting the proceedings which resulted in laying out the road and assessing the damages in question, and they are thereby estopped from setting up the irregularities complained of. Furthermore, we have no doubt but that the damages accruing to several owners of a single tract of land may properly be assessed in gross, if the said several owners so agree and request.

It is further urged that the court erred in striking the answer of the respondent Clark from the files. This proceeding is to be treated as a proceeding against the commissioners of the town of Sangamon and not against the said commissioners individually. In Sheaff

v. The People, 87 Ill. 189, two of the individuals named as respondents in an action in *mandamus* had, during the pendency of the proceedings, ceased to be commissioners and two others had become their successors, and, thereupon, leave was asked and refused to amend the answer showing such change in the commissioners, and it was said: "The duty, the performance of which is sought to be enforced, rests upon no particular set of commissioners, but is obligatory upon such commissioners as a body, without regard to the individuals who compose that body. The naming of the individual commissioners in the petition was entirely surplusage. The whole proceeding might well be against the commissioners of highways of the town, simply, by that name alone, the duty being a corporate duty; and we regard any change of the individual commissioners which took place, and the refusal of the court to pay any regard thereto, as forming no ground of error." Clark was merely the successor of Pike, the former commissioner, who had joined in answering the petition, and such answer was the answer of the commissioners of highways of the town of Sangamon as a body, and the answer filed by Clark, as an individual, was, therefore, not improperly stricken from the files.

What we have heretofore said sufficiently answers the objections urged to the rulings of the court in holding and refusing propositions of law submitted by the respective parties. The form of the writ here awarded was approved in Commissioners of Highways v. Jackson, 165 Ill. 17. There is no reversible error in the record and the judgment of the Circuit Court will be affirmed.

*Affirmed.*